**EXHIBIT I**

Order/Motion Call (This form replaces CCM1 0642) (12/01/20) CCM 0624

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT

LINE NO. 1

BANK OF AMERICA, N.A.

v.

CALVIN CARTER

No. 2023 M1 109810

## MOTION CALL ORDER

Present before the Court: ☐ Plaintiff(s) ☑ Defendant(s) ☑ Plaintiff(s)' Counsel ☐ Defendant(s)' Counsel

THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

IT IS HEREBY ORDERED that the Motion:

4902 ☐ to Vacate DWP of ______ is GRANTED.
5902 ☐ is DENIED.
4902 ☐ to Vacate Default Judgment of ______ is GRANTED,
4482 ☐ and this case is set for Trial on ______, ______ at ______ a.m./p.m. in Rm. ______
4482 ☐ for Status on ______, ______ at ______ a.m./p.m. in Rm. ______
5902 ☐ to Vacate the Default Judgment of ______ is DENIED.
4902 ☐ to Vacate the Dismissal of ______ is GRANTED,
and case is reinstated; Judgment for ______
4001 ☐ in the amount of $ ______.
4384 ☐ to Vacate Installment Order of ______ is GRANTED, Judgment to stand.
4280 ☐ for Summary Judgment in favor of ______ is GRANTED.
5280 ☐ is DENIED.
4246 ☑ Motion to/for CERTIFY BYSTANDERS REPORT is GRANTED.
5226 ☐ is DENIED.
( ) ☐ Motion to/for ______ is CONTINUED
( ) ☐ for HEARING at ______ a.m./p.m. on ______, ______ in Rm. ______
( ) ☐ with the following briefing schedule:

( ) ☐ Judgment is entered in favor of the Plaintiff ______ and against the Defendant ______ in the sum of $ ______ plus court costs.
( ) ☐ ______
( ) ☑ See Attached Order: 11/14/2025 ORDER FROM MOTION HEARING BY JUDGE JOHN ALLEGRETTI IS ATTACHED.

Atty. No.: ______

Name: ORDER OF COURT
Atty. for: ______
Address: ______
City/State/Zip: ______
Telephone: ______

ENTERED:

Dated: 11/14, 2025

ENTERED
Judge John M. Allegretti-2116
NOV 14 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge ______ Judge's No.

MARIYANA T. SPYROPOULOS, CLERK OF CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**FIRST MUNICIPAL DISTRICT, CIVIL DIVISION**

| | | |
|---|---|---|
| Bank of America, N.A. Plaintiff | ) | |
| | ) | No. 2023 M1 109810 |
| vs. | ) | |
| | ) | |
| Calvin Carter Defendant | ) | |

**ORDER**

This cause coming to be heard on the Petitioner of Defendant Calvin Carter to certify a bystander's report of Court Proceedings (Bench Trial) occurring on July 15,2025. Both Plaintiff and Defendant having submitted proposed reports, the Court adopts and certifies the bystander's report provided by Plaintiff's Attorney Mark Bernachea (Blitt and Gaines, P.C).). A copy said certified bystander's report is attached hereto and incorporated into this Order. (See 7-page Bystander's Report- marked Exhibit A.).

**IT IS SO ORDERED**

Date: November 14, 2025

ENTERED
Judge John M. Allegretti-2116
NOV 14 2025
MARIYANA T. SPYROPOULOS
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge John Michael Allegretti

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 1104
System Generated Hearing Date: 11/14/2025 2:00 PM
Location: Court Room 1104
Judge: Allegretti, John Michael

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
11/13/2025 1:30 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20231109810
Courtroom, 1104
35348679

FILED DATE: 11/13/2025 1:30 PM 20231109810

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Bank of America, N.A.
Plaintiff,
vs.
Calvin Carter
Defendant(s).

No. 20231109810

**PLAINTIFF'S PROPOSED BYSTANDER'S REPORT FOR JULY 15, 2025 BENCH TRIAL**

NOW COMES the captioned plaintiff by and through their attorneys, Blitt and Gaines, P.C., ("Blitt") and Plaintiff hereby submits its alternative proposed report of proceedings pursuant to Illinois Supreme Court Rule 323(c), and pursuant to Honorable Judge Allegretti's November 06, 2025 court order for settlement and certification. This alternative proposed report of proceedings shall encompass the bench trial that occurred on July 15, 2025. Plaintiff objects to any proposed report of additional proceedings other than the July 15, 2025 bench trial.

**Illinois Supreme Court Rule 323(c) Procedure If No Verbatim Transcript Is Available (Bystander's Report)**

If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. In any trial court, a party may request from the court official any recording of the proceedings. The court official or any person who prepared and kept, in accordance with these rules, any recording of the proceedings shall produce such recording to be provided at the party's expense. Such recording may be transcribed for use in preparation of a bystander's report. The proposed report shall be served on all parties within 28 days after the notice of appeal is filed. Within 14 days after service of the proposed report of proceedings, any other party may serve proposed amendments or an alternative proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings. Absent stipulation, only the report of proceedings so certified shall be included in the record on appeal.

FILED DATE: 11/13/2025 1:30 PM 20231109810

**Plaintiff's Proposed Bystander's Report for July 15, 2025**

An in-person bench trial was set on July 15, 2025 at the Daley Center (50 W. Washington St., Chicago IL, 60602) at 9:30am in Room 1104. Present for the Plaintiff was Plaintiff's attorney, Mark Bernachea, as well as a custodian of records, Randolph Geiser, witness for Bank of America, N.A.. The Defendant Calvin Carter appeared, *pro se*.

Prior to trial, Honorable Judge John Allegretti asked the parties if there was any possibility of settlement. Mr. Carter said there was not and claimed he was the victim of identity theft.

Judge Allegretti moved, *sua sponte*, under Supreme Court Rule 286 for relaxed rules of evidence, as the amount in controversy was a small claim.

Judge Allegretti told the parties that anyone who would be providing testimony must be sworn in. Mr. Carter and Mr. Geiser were subsequently sworn in. Mr. Carter advised that he did not wish to be cross-examined. Judge Allegretti told Mr. Carter that if he was providing testimony, he could be cross-examined based on the rules of evidence.

Mr. Carter sought leave to file a "notice of clarification," but did not elaborate what he meant. Judge Allegretti reminded Mr. Carter that trial had begun and denied Mr. Carter's oral motion for leave.

Mr. Bernachea gave a brief opening statement, indicating that this was consumer collection action against Defendant Calvin Carter, that the Bank issued a credit card to Calvin Carter by which he was permitted to make charges, cash advances and balance transfers. As alleged in the Complaint, the credit card was issued in 2016. Bank of America contended that Mr. Carter accrued a balance and then defaulted by failing to pay that balance. Mr. Bernachea further stated that Bank of America was proceeding with testimony from a representative of the Bank, that he would introduce the terms of the Bank's Customer Agreement as well as statements evidencing transactions as well as payments indicating how the balance was reached and why the amount prayed for on the complaint, $7599.65 plus costs of $458.21, was correct.

FILED DATE: 11/13/2025 1:30 PM 20231109810

Mr. Carter gave an opening statement claiming ongoing identity theft and fraudulent claim evaluations by Bank of America and Blitt & Gaines, PC. Mr. Carter claimed a total loss more than $83,000.00 stemming from this identity theft and related fraudulent claim evaluations/chargebacks. He sought a dismissal with prejudice, claiming that his Illinois Supreme Court Rule 280.5 affidavit had gone unresolved.

**Plaintiff's Case in Chief**

Witness Randolph Geiser testified that he worked for Bank of America and his job title was Vice President, Consumer Credit Assistance, and he would be serving as the custodian of records with respect to Mr. Carter's account.

Mr. Geiser testified that each of Plaintiff's exhibits (***A. the credit application dated February 5, 2016, B. the credit card agreement, C. amendments to the agreement, D. the billing statements dated February 2016-October 2022, and E. Bank checking statement showing payments from Defendant's account***) were a true and accurate representation of the records maintained on the Bank of America database.

Mr. Geiser testified that these documents were made as part of the regular business practice of Bank of America. He testified that the records were electronically created, securely maintained, and accurately reflect the events that they memorialize.

Plaintiff's exhibits were entered into evidence over Defendant's objection.

Mr. Geiser testified that:

1. The account was opened February 5, 2016 after the Mr. Carter applied for the card online, and it was closed in October, 2022.

FILED DATE: 11/13/2025 1:30 PM 20231109810

2. The address on all the statements was 5006 S Blackstone Ave, Apt 104, Chicago IL. The final purchase on the account occurred on 03/20/2022 for $23.69, and the final payment on the account was 02/2022.
3. That the balance at charge-off was $7,599.65.
4. That payments made for this credit card came from Mr. Carter's checking account he held with Bank of America.
5. Mr. Geiser went over multiple billing statements highlighting purchases and payments made on Mr. Carter's credit card throughout the life of the account.
6. That as of the date of trial, that there were no unresolved disputes with respect to Mr. Carter's account.

**Mr. Carter then proceeded to cross-examine Mr. Geiser.**

Mr. Carter asked whether Bank of America conducted any fraud investigations with respect to Mr. Carter's account. Mr. Carter asked multiple questions regarding who initiated the fraud claims on Mr. Carter's behalf, and when these claims were initiated.

**Mr. Geiser testified that:**

1. Bank of America conducted multiple fraud investigations on this account after the 2022 charge-off, and that they were conducted after being made aware of Mr. Carter's multiple fraud claims.
2. When asked for a specific Claim ID number with respect to one of Mr. Carter's multiple fraud claims, Mr. Geiser testified that he didn't understand the question, and that he didn't know what Claim ID number Mr. Carter was talking about.

Judge Allegretti stated that the witness was not required to know every aspect of Defendant's case from memory.

Judge Allegretti asked Mr. Geiser whether the fraud investigation occurred after charge-off, and what prompted the investigation. Mr. Geiser confirmed that it had, and the fraud investigation was initiated

FILED DATE: 11/13/2025 1:30 PM 20231109810

when Bank of America became aware of Mr. Carter's fraud claim. Judge Allegretti asked if Bank of America determined there to be fraud on Mr. Carter's account. Mr. Geiser confirmed the Bank determined there to be no fraud based on the evidence it was provided.

**Defendant Mr. Carter's Testimony**

Mr. Carter testified that he did not initiate any post charge-off fraud claim evaluations on this account, and that they were initiated by an entity known as TrakAmerica.

Mr. Carter argued that Plaintiff had missed their 90-day deadline to file a responsive affidavit to one of Mr. Carter's amended ILSCR 280.5 fraud affidavits, which had previously been struck by the Court.

Mr. Carter testified that due to fraudulent fraud claims and unauthorized chargebacks, Bank of America created a fraudulent debt that Mr. Carter owed more than $83,000.00 on this account.

**Mr. Bernachea cross-examined Mr. Carter based on his testimony and evidence.**

Mr. Bernachea asked Mr. Carter if he resided at 5006 S Blackstone Ave, Apt 104, Chicago IL. Mr. Carter confirmed this address.

Mr. Bernachea asked Mr. Carter where this $83,000.00 debt arose from if Plaintiff's complaint was only seeking the credit card charge off balance of $7599.65.

Mr. Carter testified that it came from unauthorized chargebacks.

Mr. Bernachea asked Mr. Carter if he was making a fraud claim that this credit card was not his, because Mr. Carter's prior testimony made it seem that Mr. Carter was under the impression that Bank of America was seeking over $80,000.00 from the Defendant.

Mr. Carter did not deny opening the card. He confirmed he knew the amount of Bank of America's suit.

Mr. Bernachea directed Mr. Carter to the fraud affidavits in Mr. Carter's exhibits and asked if he filed them with the court.

Mr. Carter confirmed filing the fraud affidavit.

**Closing**

Mr. Bernachea brought up the fact that one of Mr. Carter's multiple fraud affidavits alleged that attorneys from his law firm, Blitt & Gaines, PC. had been complicit in the post charge-off fraud that Mr. Carter was claiming on his account. Mr. Carter's own exhibits showed Mr. Carter's fraud claims leveled against Blitt & Gaines, PC and Bank of America. On October 23, 2023, the Defendant filed a fraud affidavit claiming Blitt's attorneys, who were retained to recover on a defaulted and closed credit card account, stole his identity and were the parties that used or opened this credit card.

Mr. Bernachea stated that Plaintiff presented a qualified witness along with documentation evidencing an indebtedness accrued on this account. Mr. Bernachea stated that it was established that Mr. Carter opened the card, used the account in question and defaulted on it, and owed a balance of $7599.65 plus costs of the suit.

Mr. Carter reasserted his claims of fraud.

**Court's Ruling**

Judge Allegretti found Plaintiff's witness, Mr. Geiser to be credible in his testimony. Judge Allegretti found Mr. Carter's nebulous fraud claims to be not credible. Judge Allegretti stated that he based his opinion on the testimony and documents presented by the parties, and his observation of the facts and circumstances presented during the trial. Judge Allegretti instructed Plaintiff's counsel to prepare an order granting judgment after trial in favor of Plaintiff Bank of America in the amount of $7559.65 plus costs of $458.21. Judge Allegretti further instructed Plaintiff's counsel to indicate on the order: "The Court finds that any testimony & evidence with respect to the commission of fraud by Mike Starzec, Barb Nilsen, or any employee of Blitt & Gaines, PC or Bank of America is found to be not credible."

FILED DATE: 11/13/2025 1:30 PM 20231109810

The court further instructed Plaintiff's counsel to include that Defendant's motion for leave to file a motion to clarify is denied.

**Result**

Final Judgment in favor of Plaintiff Bank of America for $7,599.65 plus costs of $458.21. The Court finds that any testimony & evidence with respect to the commission of fraud by Mike Starzec, Barb Nilsen, or any employee of Blitt & Gaines, PC or Bank of America is found to be not credible.

Plaintiff's Signature:_______________________________

Defendant's Signature_______________________________

Trial Court Judge's Signature:_________________________

RESPECTFULLY SUBMITTED:

By: Mark Bernachea ARDC #6317545

Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(800) 998-4592 TTY: 711 P
(847) 499-7599 F
pleadings2@blittandgaines.com
32887

**This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.**

23015012