IC

FILED

1/6/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A<br>TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>　　　　Defendants | Case No. 1:25-cv-13520<br><br><br>Judge Mary M. Roland |

**Plaintiff's Response in Opposition to Defendant's Blitt and Gaines, P.C. Motion to Dismiss**

### INTRODUCTION

Defendant Blitt & Gaines, P.C. ("Blitt") seeks dismissal by collapsing distinct doctrines—Rooker-Feldman, res judicata, and Rule 12 pleading standards—into a single merits-based attack that exceeds the proper scope of a Rule 12 motion.

Plaintiff does not ask this Court to review, reverse, or invalidate the state-court judgment.

Instead, Plaintiff alleges independent federal statutory violations arising from Defendants' post-charge-off conduct, including fabricated claim-evaluation activity, misattribution of disputes, and unlawful debt-collection and credit-reporting practices that continued before, during, and after the state proceedings.

At this stage, the Court must accept Plaintiff's well-pleaded allegations as true. Blitt's motion improperly invites the Court to weigh evidence, adopt credibility findings, and resolve disputed facts—none of which is permitted on a Rule 12 motion.

## I. Procedural Overreach and Improper Relitigation

Defendant's motion exceeds the narrow scope of Rule 12 by attempting to relitigate the state-court action rather than test the legal sufficiency of the Complaint. A Rule 12(b)(1) or 12(b)(6) motion requires the Court to accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Instead of engaging the allegations as pleaded, Defendant invites this Court to revisit the state-court record, adopt credibility determinations, and resolve disputed facts—precisely the type of merits adjudication that Rule 12 does not permit.

The overreach is most evident in Defendant's reliance on state-court testimony, credibility findings, and a certified bystander's report to contradict Plaintiff's allegations. By attaching exhibits and characterizing them as conclusive proof that Plaintiff's claims are "false," Defendant seeks to transform a motion to dismiss into a surrogate appeal of the state-court judgment. Federal district courts, however, do not sit to reweigh evidence or enforce state-court factual findings at the pleading stage, nor may they resolve contested factual disputes under the guise of jurisdictional or plausibility review.

This approach also undermines Defendant's own jurisdictional arguments. While invoking doctrines such as Rooker-Feldman and res judicata, Defendant simultaneously asks this Court to review and ratify the substance of the state-court proceedings—a contradiction that highlights the procedural defect. If Defendant's arguments depend on the truth of extrinsic evidence or prior credibility determinations, they are premature and improperly raised on a Rule 12 motion.

The Court should therefore disregard Defendant's attempts at relitigation and confine its analysis to the allegations within the four corners of the Complaint.

## II. RULE 12(b)(1): ROOKER-FELDMAN DOES NOT APPLY

### A. Plaintiff Does Not Seek Review or Rejection of the State-Court Judgment

Rooker-Feldman is "narrow" and applies only where a federal plaintiff seeks redress for an injury caused by a state-court judgment itself.

Here, Plaintiff alleges injuries caused by:

- Defendant-initiated post-charge-off fraud application claim evaluations

- Fabricated or misattributed chargeback activity

- False and misleading debt-collection communications

- Unlawful credit-reporting practices

These alleged injuries exist independent of the state-court judgment and would exist even if no judgment had ever been entered.

The Complaint expressly disclaims any request to overturn the state judgment and instead challenges Defendants' conduct, not the state court's rulings.

### B. Timing Alone Does Not Trigger Rooker-Feldman

Blitt relies heavily on chronology ("judgment entered first") while ignoring causation.

The Seventh Circuit is clear:

- The relevant inquiry is what caused the injury, not when the federal case was filed.

- Plaintiff alleges ongoing misconduct spanning before, during, and after the state case— including conduct that could not have been adjudicated as part of a debt-collection trial focused on account balance.

Accordingly, Rooker-Feldman does not strip this Court of jurisdiction.

## III. RULE 12(b)(6): RES JUDICATA DOES NOT BAR PLAINTIFF'S CLAIMS

### A. The Causes of Action Are Not Identical

Res judicata requires identity of causes of action.

The state case concerned whether Plaintiff owed a debt.

This federal case concerns whether Defendants:

- Fabricated or misused fraud application-claim mechanisms

- Misrepresented dispute activity

- Violated the FDCPA, FCRA, and federal law through post-charge-off conduct

These are legally and factually distinct causes of action.

A debt's enforceability is not the same as the lawfulness of how Defendants attempted to collect or report it.

### B. Plaintiff Could Not Have Fully Litigated These Claims in State Court

Blitt argues Plaintiff had a "full and fair opportunity" to litigate these issues. That assertion fails for three reasons:

- Discovery was limited in the state case

- The trial court explicitly narrowed the scope to the debt itself

- Many alleged violations involve post-judgment conduct or conduct concealed at the time

Federal statutory claims are not barred simply because a related debt was previously litigated.

### C. Credibility Findings Do Not Preclude Statutory Claims

Blitt repeatedly relies on state-court credibility determinations.

But credibility findings:

- Are not claim-preclusive

- Do not negate statutory liability

PLAINTIFF'S RESPONSE IN OPPOSITION - 4

- Cannot be imported wholesale into a Rule 12 analysis

At the pleading stage, this Court must accept Plaintiff's allegations as true—regardless of what a state court found after trial on a different legal question.

### IV. Blitt's Reliance on Exhibits is Procedurally Improper

Defendant cannot deny involvement in chargeback-related conduct while simultaneously submitting a disputed and selectively redacted creditor fraud-application claim-evaluation denial (Def. Ex. C, Bates 000022) and asking this Court to rely on it as factual proof against Plaintiff at the pleading stage. That is not a jurisdictional argument — it is a merits argument, and an improper one at the Rule 12 stage.

Blitt attaches and relies on exhibits to:

- Resolve factual disputes

- Characterize Plaintiff's statements

- Establish truth of contested matters

This is improper under Rule 12(b)(6). If the Court considers these materials for their truth, the motion must be converted to one for summary judgment under Rule 12(d), after discovery—not resolved at the pleading stage.

Defendant repeatedly asserts that its conduct was based entirely on client-supplied account data. Accepting that assertion as true for purposes of this motion, the same data necessarily included the dispute history, all unauthorized fraud-application claim evaluations, and post-charge-off activity alleged in the Complaint. Defendant's argument therefore does not negate Plaintiff's claims; it reinforces that the challenged conduct arose from and depended upon the very account records now in dispute.

Defendant characterizes Plaintiff's allegations as "nebulous" and "demonstrably false." The Complaint alleges otherwise. Plaintiff alleges that Bank of America assigned an internal fraud case number (813-231), that Bank representatives confirmed fraud on the account in recorded communications, and that claim-evaluation activity and chargeback-related entries were processed under Claim ID 230607G1A51F without Plaintiff's authorization. Whether those allegations are true is a factual question for discovery and cannot be resolved on a Rule 12 motion.

## V. PLAINTIFF HAS ADEQUATELY PLED CONCRETE INJURY AND STANDING

Plaintiff alleges:

- Financial injury

- Reputational harm

- Ongoing credit impairment

- Litigation-related damages caused by Defendants' conduct

These are concrete injuries under Article III and the FDCPA.

Defendant's standing argument rests on the incorrect premise that Plaintiff must allege pre-judgment payment or purely emotional distress. The Complaint alleges concrete injury arising from Defendants' use and transmission of false account records—including misattributed fraud-application claim activity and chargeback-related entries—which caused litigation injury, reputational harm, and ongoing credit impairment, all of which constitute concrete injury under Article III and the FDCPA and cannot be resolved on a Rule 12 motion.

Blitt's argument that injury must involve pre-judgment payment misstates the law. Seventh Circuit precedent recognizes credit reporting harm, litigation injury, and unlawful collection activity as sufficient.

PLAINTIFF'S RESPONSE IN OPPOSITION - 6

## VI. BLITT IS NOT IMMUNE FROM FDCPA LIABILITY

Blitt argues it merely relied on client data.

But Plaintiff alleges:

- Blitt actively participated in the challenged conduct

- Blitt transmitted and relied on fabricated claim-evaluation activity

- Blitt continued collection despite knowledge of dispute irregularities

The FDCPA does not provide blanket immunity to attorneys simply because they represent a creditor.

Whether Blitt's reliance was reasonable is a fact question, not a pleading defect.

## VII. COMMON-LAW FRAUD AND CONSPIRACY ARE ADEQUATELY PLED

Plaintiff pleads, at a minimum:

- False representations

- Knowledge and intent

- Reliance through induced litigation posture and dispute handling

- Resulting damages

At minimum, Plaintiff has plausibly alleged participation in a coordinated scheme sufficient to survive Rule 12.

## CONCLUSION

Defendant's motion seeks dismissal not because the Complaint is deficient, but because Defendants wish to relitigate credibility, import state-court findings wholesale, and avoid discovery. Rule 12 does not permit that.

For these reasons, Defendant Blitt & Gaines, P.C.'s Motion to Dismiss should be DENIED.

PLAINTIFF'S RESPONSE IN OPPOSITION - 7

Respectfully submitted,

s/Calvin Carter – Pro Se

Calvin Carter
5006 S. Blackstone Ave. Apt. 104
Chicago, IL, 60615
calvincarter2026@gmail.com

CERTIFICATE OF SERVICE I hereby certify that on this 6th day of January, 2026, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Blitt & Gaines, P.C.'s Motion to Dismiss was served by U.S. Mail, First-Class postage prepaid, upon counsel of record for each Defendant at the following addresses:

Blitt & Gaines, P.C.

Attn: Michael Starzec

775 Corporate Woods Pkwy

Vernon Hills, IL, 60061

McGuireWoods LLP Counsel for Bank of America, N.A.

Attn. Susan Groh

77 W. Wacker Drive

Chicago, IL, 60601

Blitt and Gaines, P.C. counsel for TrakAmerica

Attn. Michael Starzec

775 Corporate Woods Pkwy

Vernom Hills, IL, 60061


Respectfully submitted,

s/Calvin Carter Plaintiff, Pro Se


Calvin Carter

5006 S. Blackstone Ave., Apt. 104

Chicago, IL 60615

calvincarter2026@gmail.com