# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CALVIN CARTER,       )
              )
      Plaintiff,   )
              )  Case No. 1:25-cv-13520
    v.        )
              )  Hon. Mary M. Rowland
BANK OF AMERICA, N.A., AND   )
DATASEARCH NY INC D/B/A    )
TRAKAMERICA AND      )
BLITT AND GAINES, P.C.     )
              )
      Defendants.  )

## DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND JOINDER IN CO-DEFENDANT BLITT & GAINES, P.C.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1

II.  LEGAL STANDARD............................................................................................ 1

III. ARGUMENT......................................................................................................... 2

    A.  Plaintiff Fails To State A Claim For Violation Of The FCRA, Because The Complaint Does Not Contain Allegations Of Inaccuracy. ........................................................ 2

IV.  CONCLUSION..................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. City of Indianapolis*,
742 F.3d 720 (7th Cir. 2014) ...............................................................................................1

*Archibald v. Scott Credit Union*,
2025 WL 3204290 (S.D. Ill. Nov. 17, 2025) ........................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................1

*Bank of America, N.A. v. Carter*,
No. 2023-M1-109810 (Cir. Ct. Cook Cty.) ..........................................................................1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................1

*Chuluunbat v. Cavalry Portfolio Servs., LLC*,
No. 20 C 164, 2020 WL 4208106 (N.D. Ill. July 22, 2020) ..................................................2

*Denan v. Trans Union, LLC*,
No. 18 C 5027, 2019 WL 911270 (N.D. Ill. Feb. 22, 2019)...................................................2

*Frazier v. Dovenmuhle Mortgage, Inc.*,
72 F.4th 769 (7th Cir. 2023) .................................................................................................2

*Frazier*, No. 20 C 6721, 2022 WL 3445801, at *1 (N.D. Ill. Aug. 17, 2022) ................................3

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009) ..............................................................................................3

*Jackson v. Northwestern Univ. Sch. of Law*,
No. 10 C 1986, 2010 WL 5174389 (N.D. Ill. Dec. 15, 2010) ...............................................4

*Jordan v. M&T Bank Corp.*,
Cause No. 1:22-cv-00268-SLC, 2025 WL 887120 (N.D. Ind. Mar 21, 2025).........................3

*Lang v. TCF Nat. Bank*,
No. 06 C 1058, 2008 WL 5111223 (N.D. Ill. Dec. 1, 2008), aff'd, 338
F.App'x 541 (7th Cir. 2009) ................................................................................................2

*Perry v. First Nat. Bank*,
459 F.3d 816 (7th Cir. 2006) ................................................................................................2

*Rollins v. Peoples Gas Light & Coke Co.*,
    379 F.Supp.2d 964 (N.D. Ill. July 27, 2005) ........................................................................2

*Stuckey v. Hous. Auth. of Cook Cty.*,
    No. 16 CV 03443, 2017 WL 11606727 (N.D. Ill. Sept. 18, 2017).........................................2

*Zahran v. Bank of Am.*,
    2016 WL 826402 (N.D. Ill. Mar. 3, 2016)..............................................................................4

**Statutes**

15 U.S.C. § 1681.............................................................................................................1, 2, 3, 4

15 U.S.C. § 1681s-2.................................................................................................................2

15 U.S.C. § 1681s-2(a) ...........................................................................................................2

15 U.S.C. § 1681s-2(b) ....................................................................................................2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)...........................................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

## I.      INTRODUCTION

Defendant Bank of America, N.A. ("BANA") moves under Rules 12(b)(1) and 12(b)(6) to dismiss Plaintiff Calvin Carter's Complaint in its entirety.  BANA joins and incorporates by reference all arguments advanced by co-Defendant Blitt & Gaines, P.C. ("Blitt") in its pending Motion to Dismiss (ECF No. 24), including but not limited to the arguments under the Rooker–Feldman doctrine, *res judicata*, lack of Article III standing, and the legal effect of the state-court judgment and associated record in *Bank of America, N.A. v. Carter*, No. 2023-M1-109810 (Cir. Ct. Cook Cty.), as set out in Blitt's motion and the public records cited therein.

Additionally, because Plaintiff's only claim asserted solely against BANA is for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), BANA separately moves to dismiss that claim for failure to state a claim.  The allegations do not specify an inaccuracy in the reporting of Plaintiff's BANA credit card account (the "Account"), and accuracy is a complete defense to Plaintiff's FCRA claim.  For these reasons and as explained more fully below, Plaintiff's FCRA claim against BANA fail as a matter of law and must be dismissed.

## II.      LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although a court must accept all the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations which merely restate the elements of a cause of action do not benefit from this presumption.  *Id*.  Although courts construe pro se pleadings liberally, pro se plaintiffs are not excused from meeting basic pleading requirements and

"[a] pro se complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief." *Stuckey v. Hous. Auth. of Cook Cty.*, No. 16 CV 03443, 2017 WL 11606727, at *2 (N.D. Ill. Sept. 18, 2017).

## III. ARGUMENT

### A. Plaintiff Fails To State A Claim For Violation Of The FCRA, Because The Complaint Does Not Contain Allegations Of Inaccuracy.

The FCRA imposes obligations on creditors like BANA that furnish information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s-2. There are two components to a furnisher's obligations under the FCRA. First, the furnisher of information has a duty to not furnish information if the furnisher knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a). Second, a furnisher of information has a duty to conduct a reasonable investigation after receiving notice from a CRA of a dispute regarding the completeness or accuracy of information provided under Section 1681s-2(b) of the FCRA. 15 U.S.C. § 1681s-2(b).

Although furnishers have obligations under both subsections, only subsection (b) contains a private right of action. *See Lang v. TCF Nat. Bank*, No. 06 C 1058, 2008 WL 5111223, at *3 (N.D. Ill. Dec. 1, 2008), aff'd, 338 F.App'x 541 (7th Cir. 2009); *Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir. 2006)*; Rollins v. Peoples Gas Light & Coke Co.*, 379 F.Supp.2d 964, 967 (N.D. Ill. July 27, 2005) ("It is undisputed that there is no private right of action under § 1681s–2(a).") (citations omitted). Under Section 1681s-2(b), for a plaintiff to prevail on a claim under Section 1681s-2(b), a threshold showing of inaccuracy is required. *See Frazier v. Dovenmuhle Mortgage, Inc.*, 72 F.4th 769, 776 (7th Cir. 2023); *Denan v. Trans Union, LLC*, No. 18 C 5027, 2019 WL 911270, at *1 (N.D. Ill. Feb. 22, 2019); *see also Chuluunbat v. Cavalry Portfolio Servs., LLC*, No. 20 C 164, 2020 WL 4208106, at *2 (N.D. Ill. July 22, 2020) (sufficient allegations that a plaintiff's

credit report contains inaccurate information "is an independent and threshold element that must be met before even reaching the issue of whether procedures were reasonable"). Indeed, Section 1681s-2(b) "does not impose liability on a furnisher unless it provided or verified inaccurate or misleading information following such a dispute." *Frazier*, No. 20 C 6721, 2022 WL 3445801, at *1 (N.D. Ill. Aug. 17, 2022). And "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Jordan v. M&T Bank Corp.*, Cause No. 1:22-cv-00268-SLC, 2025 WL 887120, at *14 (N.D. Ind. Mar 21, 2025) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Here, the Complaint is devoid of any factual content showing that BANA is liable under Section 1681s-2(b) of the FCRA. *See* Compl. Plaintiff does not identify any specific piece of information about the BANA tradeline that was false—such as the balance, status, payment history, or charge-off date—let alone that BANA reported or verified any such falsehood after receiving notice from the CRAs of Plaintiff's dispute. And Plaintiff does not allege that the Account balance was paid in full or that BANA otherwise forgave the debt. Simply put, Plaintiff does not point to any inaccurate or misleading information BANA provided after being notified by the CRAs of a dispute regarding the Account. *See id.*

And to the extent the Complaint does mention inaccurate or misleading information, Plaintiff does so in conclusory fashion, and such allegations cannot save his claim. *See* Compl. Plaintiff's general assertions that BANA "continued to furnish inaccurate data after knowledge of errors" (Compl., ¶ 35) merely recite an element of the FCRA and cannot substitute for factual content pinpointing an actual inaccuracy. As courts consistently hold, conclusory statements that

a tradeline is "inaccurate" or "misleading," without specifying what is wrong and why, are insufficient to state a Section 1681s-2(b) claim. *See Jackson v. Northwestern Univ. Sch. of Law*, No. 10 C 1986, 2010 WL 5174389, at *3 (N.D. Ill. Dec. 15, 2010) (even a pro se plaintiff must do more than assert conclusory allegations to survive a motion to dismiss). Thus, Plaintiff's Complaint fails to establish the threshold element of inaccuracy to maintain his FCRA claim against BANA, and his FCRA claim against BANA fails as a matter of law and should be dismissed with prejudice. *See Zahran v. Bank of Am.*, 2016 WL 826402, at *4 (N.D. Ill. Mar. 3, 2016) (dismissing plaintiff's FCRA claim where plaintiff failed to allege factual inaccuracy in creditor's reporting); *Archibald v. Scott Credit Union*, 2025 WL 3204290, at *5 (S.D. Ill. Nov. 17, 2025) (granting furnisher's motion to dismiss with prejudice where information reported on "overdue" account was accurate).

## IV.    CONCLUSION

For all these reasons, BANA respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint and provide such additional relief as it deems proper.

Dated:  January 12, 2026

Respectfully submitted,

*/s/ Susan E. Groh*
Susan E. Groh (IL 6289629)
McGuireWoods LLP
77 West Wacker Drive, Ste. 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8184
Email: sgroh@mcguirewoods.com

*Counsel for Defendant, Bank of America, N.A.*