**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALVIN CARTER, ) | |
| ) | |
|      Plaintiff, ) | |
| ) | Case No. 1:25-cv-13520 |
| v. ) | |
| ) | Judge Mary M. Rowland |
| BANK OF AMERICA, N.A., DATASEARCH ) | |
| NY INC. dba TRAKAMERICA, BLITT AND ) | |
| GAINES P.C., ) | |
| ) | |
|      Defendants. ) | |

**DEFENDANT DATA SEARCH, NY, INC. D/B/A TRAKAMERICA'S MOTION TO JOIN
BLITT AND GAINES, P.C.'S MOTION TO DISMISS**

Defendant Data Search NY Inc d/b/a TrakAmerica ("TRAK") by and through its attorneys and for its Response to Plaintiff's Complaint moves to join and adopt the arguments of its codefendant Blitt and Gaines, P.C. ("Blitt") in its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and 12(b)(1) and further states as follows:

**Plaintiff's Complaint should be dismissed against TRAK for those reasons set forth in
Blitt's Motion to Dismiss, including under the doctrine of *Res Judicata***

Plaintiff complains that Bank of America ("BANA") allegedly submitted fraudulent documents, through TRAK, in support of its underlying debt collection complaint entitled *Bank of America, N.A. v. Calvin Carter*, Case No. 2023-M1-109810 ("Collection Action"). (Compl., ¶¶11, 12). He further incorporates and references TRAK's response to the Illinois Department of Financial and Professional Regulation ("IDFPR") in which TRAK explained that Plaintiff's BANA account was placed with it on November 7, 2022 and that it forwarded the account to Blitt on March 6, 2023. (Ex. C to Compl.). Thereafter Blitt filed the Collection Action against Plaintiff and Plaintiff litigated the issue of whether his account was the product of fraud. As Blitt's Motion to Dismiss explains, he lost. (Dkt #24).

1096434\327573788.v1

TRAK hereby joins Blitt's arguments in its Motion to Dismiss including but not limited to its arguments under the *Rooker-Feldman* doctrine, res judicata and the impact and discussion of the underlying proceedings in the Collection Action. TRAK additionally notes that *Rooker-Feldman* bars Plaintiff's claims because all of Plaintiff's claims against it amount to an attack on the validity of the BANA account- the very issue decided against him in the Collection Action. As the court held in *Palladino v. Wells Fargo Bank, N.A.*, Case No. 15 CV 10610, 2024 U.S.Dist. LEXIS 50306, *18-19 (N.D.Ill. Mar. 21, 2024):

> At bottom, Palladino's myriad allegations of fraud on the state court, conspiracy, and multiple purported statutory violations all amount to a claim that Defendants secured a wrongful foreclosure judgment, a judgment that this Court cannot review. The fact that Palladino seeks damages for these alleged acts does not shield his claims from *Rooker-Feldman*, because Palladino only suffered the alleged injuries resulting in damages based on the fact that Defendants were ultimately successful in securing a judgment in state court.

Similarly, here, every count against TRAK is premised on Plaintiff's contention that the evidence underlying the BANA account and those documents upon which the account was based were "fraudulent." *See* Compl., ¶41 ("Defendants, including BoA, knowingly permitted and adopted false and misleading chargeback data generated by their agents, Blitt & Gaines and TrakAmerica."). TRAK hereby adopts and incorporates those arguments including under the *Rooker Feldman* doctrine, set forth in Blitt's Motion to Dismiss and respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

**WHEREFORE,** Defendant Data Search NY Inc d/b/a TrakAmerica respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and for such further relief as this Court deems appropriate and just.

1096434\327573788.v1

Respectfully submitted,

By: */s Jennifer W. Weller*

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
Fax: (312) 704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

3