BC

FILED
1/14/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>        Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>        Defendants | Case No. 1:25-cv-13520<br><br>Judge Mary M. Roland |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS AND JOINDER IN CO-DEFENDANT BLITT & GAINES, P.C.'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendant Bank of America, N.A. ("BoA") moves to dismiss by joining wholesale in the Motion to Dismiss filed by co-defendant Blitt & Gaines, P.C. ("B&G") and by advancing a single, narrow argument: that Plaintiff allegedly failed to plead a specific "inaccuracy" in BoA's credit reporting sufficient to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b).

BoA's Motion does not (and cannot) dispute that Plaintiff pleaded CRA disputes, CRA notice, furnisher notice, failure to investigate, and continued furnishing — it simply redefines 'inaccuracy' as 'numerical error' to avoid §1681s-2(b) liability. Plaintiff's disputes were not

limited to the balance; he disputed false account notations and misattributed claim activity under Claim ID 230607G1A51F, which are independently actionable inaccuracies under the FCRA regardless of numerical accuracy. The Seventh Circuit has expressly rejected this narrow standard. See Frazier, 72 F.4th at 776. Plaintiff expressly pleaded that CRA disputes were made, CRA notice was given, BoA failed to reasonably investigate, and continued furnishing after notice — which is all that §1681s-2(b) requires at the pleading stage. Whether such reporting was inaccurate or misleading, and whether BoA's reinvestigation was reasonable, are fact-intensive issues inappropriate for resolution on a Rule 12(b)(6) motion.

BoA's motion fails for three independent reasons. First, BoA's joinder improperly relies on disputed factual issues that cannot be resolved at the Rule 12 stage. Second, the Complaint pleads concrete factual inaccuracies and misleading reporting tied to unauthorized fraud-application claim evaluations, and their associated chargebacks—facts BoA's motion does not meaningfully address. Third, even if the Court were to find any pleading deficiency, dismissal with prejudice would be improper where amendment and discovery are plainly warranted.

BoA mischaracterizes the Complaint as asserting a bare legal conclusion of 'inaccuracy.' The Complaint identifies specific factual inaccuracies — including false CRA chargeback dispute codes, unauthorized chargeback attribution, and continued reporting as valid after BoA's own representatives confirmed the activity to be fraud. Courts have repeatedly held such allegations sufficient to plead the §1681s-2(b) inaccuracy element at the motion-to-dismiss stage.

Accordingly, BoA's Motion to Dismiss should be denied in its entirety.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is inappropriate where the claim is plausible and where resolution depends on disputed facts or credibility determinations.

At this stage, the Court may not weigh evidence, resolve factual disputes, or credit a defendant's preferred narrative over the plaintiff's pleaded allegations.

## III. ARGUMENT

### A. BoA's Joinder Improperly Relies on Disputed Facts

BoA joins B&G's motion, including arguments premised on alleged state-court findings, asserted "accuracy" of the debt, and the legal effect of prior proceedings. These arguments depend on disputed facts concerning:

- Who controlled chargeback related disputes (BoA, TrakAmerica, or B&G),
- Whether chargebacks were authorized or legitimate,
- Whether the reported balance reflected confirmed fraud activity,
- And whether BoA retained control over reporting after delegating account handling to TrakAmerica.

Such disputes cannot be resolved on a Rule 12 motion. A defendant may not obtain dismissal by asserting its own version of contested events, particularly where the Complaint pleads a contrary factual narrative supported by documentary admissions and regulatory responses.

TrakAmerica's own admissions (See Dkt. No. 37, Page 1) defeat its "vendor" defense. TrakAmerica affirmatively represents that Plaintiff's account was **placed with it on November 7, 2022** and later **forwarded by it to Blitt & Gaines on March 6, 2023**, conceding **custodial control** after default and identifying itself as the intermediary source of the information used in the collection action; having made those representations, TrakAmerica cannot recast itself as a passive vendor, and any claim that Blitt & Gaines merely "relied on client data" presupposes TrakAmerica as that source—creating factual disputes that cannot be resolved on a Rule 12 motion.

### B. The Complaint Pleads Specific Inaccuracies and Misleading Reporting

Contrary to BoA's assertion, the Complaint does not rely on conclusory allegations of "inaccuracy." It pleads concrete facts showing that BoA furnished and verified information that was inaccurate or materially misleading, including but not limited to:

- Unauthorized fraud-application claim-triggered chargebacks;
- Reporting an account as valid and collectible after fraud was confirmed by BoA's own representatives;
- Continuing to furnish information while disclaiming control over claim evaluations that were handled by a third-party vendor, TrakAmerica;
- Verifying tradelines derived from disputed internal processes rather than from consumer-authorized transactions.

An account may be numerically consistent yet legally inaccurate or misleading where the reported balance is susceptible to chargebacks from unauthorized activity or misrepresents the nature of the obligation. Courts have repeatedly recognized that "accuracy" under the FCRA is

not limited to technical or arithmetic correctness, but includes whether the information is misleading in such a way that it can be expected to adversely affect credit decisions. Numerous courts have rejected BoA's position that a plaintiff must identify numerical or facial errors to plead inaccuracy; allegations that information was misleading or resulted from unauthorized or fraudulent activity are sufficient at the pleading stage.

See Frazier v. Dovenmuehle Mortg., Inc., 72 F.4th 769, 776 (7th Cir. 2023) (recognizing misleading information as actionable under §1681s-2(b)).

See also Jordan v. M&T Bank Corp., 2025 WL 887120, at *14 (N.D. Ind. Mar. 21, 2025) (applying the same misleading-information standard).

See also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009) ("…a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.").

For example, in Jordan v. M&T Bank Corp., 2025 WL 887120, at *14 (N.D. Ind. Mar. 21, 2025), the court, quoting Gorman, recognized that a report may be "technically accurate" yet misleading—such as where a reported balance conceals unauthorized activity or misstates the nature of the obligation. Thus, even under Defendant's cited authority, Plaintiff's allegations are sufficient.

Plaintiff expressly alleged that he disputed inaccurate and misleading information with Experian, Equifax, and TransUnion; that those disputes triggered BoA's duties under 15 U.S.C. §1681s-2(b); and that BoA failed to conduct a reasonable investigation and continued furnishing false and misleading information—far exceeding the Rule 8 pleading standard. The Third Circuit has long held that a furnisher's obligations upon receiving notice of a dispute require more than a

cursory or perfunctory review. In Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997), the court emphasized that the FCRA demands a "full investigation" into disputed information, and that a furnisher may not simply verify information mechanically without examining the underlying dispute. As Cushman explains, a superficial reinvestigation that merely confirms existing data without resolving the substance of the dispute is insufficient under the statute. Here, the Complaint alleges that BoA continued to furnish inaccurate and misleading information after notice of Plaintiff's disputes, without conducting anything resembling a full investigation as contemplated by Cushman—adequately stating a claim under §1681s-2(b). Under §1681s-2(b), a furnisher's duties are triggered once a consumer reporting agency provides notice of the dispute. 15 U.S.C. §1681i(a)(2). The Complaint alleges that Experian, Equifax, and TransUnion received Plaintiff's disputes and provided notice to BoA, thereby triggering BoA's obligations under §1681s-2(b).

Defendant's assertion that Plaintiff "failed to plead inaccuracy" misstates both the law and the Complaint. The Seventh Circuit recognizes that §1681s-2(b) covers misleading information, not merely numerical errors. Frazier v. Dovenmuehle Mortg., Inc., 72 F.4th 769, 776 (7th Cir. 2023). The Complaint pleads specific inaccuracies, including unauthorized fraud-application chargebacks, its associated, yet false chargeback-related dispute codes, and continued reporting as valid and collectible after BoA's representatives confirmed fraud—each independently sufficient to plead inaccuracy. (Compl. ¶¶ 11–16, 19–22, 26–28, 35–36). Whether such reporting was inaccurate or misleading, and whether BoA's reinvestigation was reasonable, are fact-intensive issues inappropriate for resolution on a Rule 12 motion. Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997). Dismissal is therefore improper.

## C. Both BoA and B&Gs Motions Disclaim Responsibility Without Identifying the Furnisher

BoA asserts that no inaccurate information was furnished, while B&G asserts that it is not a furnisher and merely relied on BoA's data. Neither motion identifies who furnished the tradeline data, who received CRA dispute notices, or who conducted the investigation required by § 1681s-2(b).

These omissions are dispositive. If BoA was the furnisher, the Complaint plausibly alleges § 1681s-2(b) violations; if TrakAmerica was delegated that role, discovery is required to determine whether BoA may delegate statutory duties to a third-party vendor; and if both entities shared responsibilities, each may be liable under § 1681s-2(b). At minimum, dismissal is improper because both motions raise factual issues regarding the identity and duties of the furnisher, which cannot be resolved at Rule 12.

A Rule 12 motion cannot be used to avoid factual questions central to the statutory cause of action. Defendants cannot collectively argue that (1) there was no inaccuracy, (2) they are not a furnisher, and (3) they conducted the required § 1681s-2(b) investigation, while simultaneously refusing to identify who furnished the data or who received CRA dispute notices. These arguments are irreconcilable and improper at the pleading stage. A Rule 12 motion cannot be used to avoid identifying the furnisher or resolving factual questions central to a §1681s–2(b) claim.

B&G's contention that it merely "relied on creditor data" does not defeat liability (See Dkt No. 24 Pgs. 12-13). The Seventh Circuit has made clear that a debt collector cannot avoid statutory duties by passively transmitting client information, nor by asserting that it lacked independent

knowledge. See Randolph v. IMBS, Inc., 368 F.3d 726, 729–30 (7th Cir. 2004) (debt collectors are liable for relaying inaccurate information from creditors and cannot invoke a "just following orders" defense). Reliance on creditor data does not absolve a furnisher or debt collector of its obligation to investigate and report accurately under federal law. B&G's "Creditor Data" Argument Fails as a Matter of Law. B&G argues it cannot be liable because it merely relied on creditor data. This argument has been repeatedly rejected. The FCRA imposes duties on furnishers and those who verify disputed data, and the FDCPA imposes liability for communicating false information regardless of whether it originated with the creditor. See Randolph, 368 F.3d at 729–30. A debt collector cannot escape liability by asserting it was simply a conduit for the creditor's information.

Whether BoA's reporting was inaccurate or misleading, or whether its reinvestigation was reasonable under §1681s-2(b), are fact-intensive questions that cannot be resolved at the pleading stage and only underscore the need for discovery.

Notably, BoA does not deny the core factual allegations. It does not deny:

- That fraud-application claim-evaluations occurred,
- That the associated chargebacks were triggered,
- That a third-party vendor, TrakAmerica, was involved,
- Or that BoA continued reporting while disclaiming control.

Instead, BoA argues that Plaintiff has not pleaded enough detail—while simultaneously withholding the very information necessary to plead more detail. This circular position underscores why dismissal is improper and why discovery is required.

### D. Dismissal With Prejudice Is Improper as a Matter of Law

Even if the Court were to conclude that the Complaint could be pleaded with greater specificity, dismissal with prejudice would be inappropriate. Amendment would not be futile, and discovery is necessary to resolve issues uniquely within Defendants' possession. Courts routinely deny dismissal or permit amendment under these circumstances.

Under Rule 15(a)(2), leave to amend should be "freely given when justice so requires," and dismissal with prejudice is disfavored at the pleading stage absent futility. See Runnion v. Girl Scouts of Greater Chi., 786 F.3d 510, 519–20 (7th Cir. 2015). Amendment would not be futile here, and Defendants possess much of the information necessary to provide further detail. At minimum, dismissal with prejudice would be improper.

### IV. CONCLUSION

Defendants' inconsistent positions demonstrate why dismissal is improper. B&G presses jurisdictional and preclusion doctrines (including Rooker-Feldman), while BoA seeks merits dismissal under Rule 12(b)(6). These positions are mutually exclusive. If this Court lacks jurisdiction, it cannot reach BoA's 12(b)(6) argument; conversely, if the Court may adjudicate the FCRA claim, then Rooker-Feldman and res judicata do not apply. At minimum, this inconsistency underscores that factual and legal issues remain that cannot be resolved at the pleading stage.

Defendant Bank of America, N.A.'s Motion to Dismiss and Joinder seeks to resolve disputed facts at the pleading stage and to foreclose discovery into unauthorized, vendor-driven fraud-application claim evaluations and associated chargeback activity central to Plaintiff's claims. The Complaint plausibly alleges violations of the FCRA, and BoA's arguments are fact-bound defenses unsuitable for resolution under Rule 12.

Bank of America's motion mirrors Blitt & Gaines' in strategically omitting TrakAmerica's admitted post-default custodial and verification role, highlighting that Defendants seek dismissal only by obscuring factual responsibility that must be resolved through discovery.

For these reasons, Plaintiff respectfully requests that the Court deny BoA's Motion to Dismiss in its entirety.

Respectfully submitted,

s/Calvin Carter – Pro Se

January 14, 2026

Calvin Carter
5006 S. Blackstone Ave. Apt. 104
Chicago, IL, 60615
calvincarter2026@gmail.com