



FILED
1/14/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>Defendants | Case No. 1:25-cv-13520<br><br>Judge Mary M. Roland |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DATA SEARCH, NY, INC. D/B/A TRAKAMERICA'S MOTION TO JOIN CO-DEFENDANT BLITT & GAINES, P.C.'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendant TrakAmerica seeks dismissal by attempting to situate itself outside the statutory framework governing debt collection and credit reporting, while simultaneously benefiting from and participating in the very conduct Plaintiff challenges. TrakAmerica's position fails as a matter of law and procedure.

Plaintiff does not allege that TrakAmerica is liable merely because it handled data. Plaintiff alleges that TrakAmerica generated, escalated, transmitted, and verified false and misleading account information, including misattributed fraud-application claim activity and associated chargeback-related dispute coding, and that such conduct caused concrete injury independent of the underlying debt or any state-court judgment.

At the pleading stage, TrakAmerica's attempt to disclaim responsibility raises factual disputes that cannot be resolved under Rule 12.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests only whether the Complaint states a plausible claim for relief. The Court must accept all well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. Dismissal is improper where liability depends on disputed facts, the allocation of responsibilities among entities, or the nature of post-dispute conduct.

## III. ARGUMENT

### A. TrakAmerica Cannot Avoid Liability by Labeling Itself a "Vendor"

TrakAmerica's expected position — that it merely acted as a vendor or intermediary — does not defeat liability under either the FDCPA or the FCRA.

Plaintiff alleges that TrakAmerica:

- Escalated or processed unauthorized fraud-application claim activity and its associated chargebacks without Plaintiff's authorization;

- Generated or transmitted chargeback-related dispute coding;

- Participated in verification of disputed information after CRA notice;

- Acted as the operational entity handling disputes and claim evaluations while Bank of America disclaimed control.

Whether TrakAmerica functioned as a furnisher, debt collector, or agent is a fact-intensive inquiry that cannot be resolved on a Rule 12 motion. An entity does not escape statutory obligations by contractual labels or internal delegation.

### A.1. TrakAmerica's admissions Defeat Its Vendor Defense

TrakAmerica's motion collapses under its own admissions. TrakAmerica affirmatively represents that Plaintiff's account was **placed with TrakAmerica on November 7, 2022** and later **forwarded by TrakAmerica to Blitt & Gaines on March 6, 2023**. Those statements concede **custodial control** over the account after default and establish TrakAmerica as the intermediary source of the information used in the collection action. Having made those representations to regulators and this Court, TrakAmerica cannot now recast itself as a passive "vendor" with no role in the generation, transmission, or verification of the disputed data. At minimum, TrakAmerica's shifting characterizations of its role present credibility and factual disputes that Rule 12 does not permit the Court to resolve in its favor. Blitt and Gaines claim that it merely "relied on client data" (See Dkt. No. 24 Pg. 12) cannot be squared with TrakAmerica's admission that the account was placed with it and forwarded by it—because reliance presupposes a source, and TrakAmerica's own filings identify itself as the intermediary through which the disputed data flowed.

### B. Plaintiff Adequately Pleads FDCPA Violations Against TrakAmerica

Plaintiff's FDCPA claims do not depend on the numerical accuracy of the debt or the validity of the state-court judgment. They arise from false and misleading representations, including:

- Misattribution of internal fraud-application claim activity to Plaintiff;

- Communication of misleading chargeback-related dispute codes and account remarks;

- Use of false or misleading information to maintain collection leverage;

- Adoption and relay of inaccurate data generated through internal processes.

Such conduct is independently actionable under the FDCPA, regardless of whether the debt was owed or reduced to judgment. A judgment does not authorize deceptive collection practices or false representations to third parties.

**C. Plaintiff Adequately Pleads FCRA Liability, or at Minimum Entitlement to Discovery**

Plaintiff alleges that TrakAmerica participated in or controlled post-dispute unauthorized claim-evaluation and verification activity tied to the disputed tradeline under Claim ID 230607G1A51F, after receiving notice of CRA disputes. If TrakAmerica received CRA dispute notices directly, it is subject to §1681s-2(b). If it acted on behalf of Bank of America, discovery is required to determine whether statutory duties were impermissibly delegated.

At the pleading stage, TrakAmerica cannot simultaneously:

- Disclaim furnisher responsibility,

- Assert that investigations were properly conducted,

- And refuse to identify who received CRA disputes or verified information.

These positions are irreconcilable and underscore why dismissal is improper.

**D. Rooker-Feldman and Res Judicata Do Not Apply**

Defendants concede that Plaintiff's claims arise from alleged false and misleading chargeback data generated by agents — but improperly attempt to collapse those claims into a challenge to a state-court judgment. Rooker-Feldman does not bar claims based on independent post-judgment misconduct.

Defendants' invocation of Rooker-Feldman concedes the existence of post-judgment chargeback and verification conduct, and merely attempts to reframe Plaintiff's independent FCRA and FDCPA claims as a judgment attack. Because Plaintiff challenges post-dispute credit reporting misconduct—not the judgment itself—Rooker-Feldman does not apply.

Defendants' reliance on Palladino v. Wells Fargo Bank, N.A. further underscores this improper reframing. Palladino involved injuries flowing solely from the entry of a state-court judgment, whereas Defendants' own briefing here confirms that Plaintiff's alleged injuries arise from post-

charge off, post-dispute chargeback and verification activity that exists independent of any judgment.

Plaintiff does not seek review or reversal of the state-court judgment. Plaintiff alleges injuries caused by post-charge-off and post-dispute conduct, including credit reporting, dispute verification, and misrepresentation of account activity.

Such claims exist independently of the judgment and would exist even if the judgment were assumed valid. Accordingly, jurisdiction is proper and preclusion doctrines do not bar Plaintiff's claims.

### E. Dismissal With Prejudice Would Be Improper

Even if the Court were to find any pleading deficiency, dismissal with prejudice would be improper. The facts concerning TrakAmerica's role, authority, and knowledge are uniquely within Defendants' possession. Amendment and discovery would not be futile.

### IV. CONCLUSION

TrakAmerica's motion seeks dismissal not because the Complaint is deficient, but because TrakAmerica seeks to avoid discovery into its role in disputed unathorized fraud-application claim-evaluations, associated chargebacks, and associated chargeback-related credit reporting. Rule 12 does not permit that result.

Neither Bank of America nor Blitt & Gaines acknowledges TrakAmerica's functional role, despite TrakAmerica's own admissions that the account was placed with and forwarded by it. Resolving that contradiction would require factual determinations about Defendants' respective roles—issues that must be tested through discovery, not resolved on a motion to dismiss.

For these reasons, Defendant TrakAmerica's Motion to Dismiss should be denied.

Respectfully submitted,

s/Calvin Carter – Pro Se

January 14, 2026

Calvin Carter
5006 S. Blackstone Ave. Apt. 104
Chicago, IL, 60615
calvincarter2026@gmail.com