BC

FILED
1/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJJ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>　　　　　Defendants | Case No. 1:25-cv-13520<br><br>Judge Mary M. Roland |

## PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

### I. INTRODUCTION

Defendants attempt to dismiss this action by mischaracterizing it as an appeal of a state-court judgment. It is not.

This case concerns post-judgment and extra-judicial conduct—specifically, the fabrication, transmission, and furnishing of credit and "chargeback" data, and the use of that data in federal credit reporting systems, before, during, and after the state proceedings.

The Complaint does not ask this Court to reverse a state-court judgment. It asks this Court to address independent federal statutory violations arising from Defendants' own conduct.

None of Defendants' doctrines—Rooker-Feldman, res judicata, or Article III standing—apply.

PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS - 1

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION

### A. Rooker-Feldman Does Not Apply

Rooker-Feldman is "narrow" and applies only when:

1.  The Plaintiff complains of an injury caused by a state-court judgment, and

2.  The Plaintiff seeks federal review or rejection of that judgment.

That is not what is pleaded here.

Plaintiff alleges injuries caused by:

- The creation and furnishing of false chargeback and dispute data

- The transmission of that data to CRAs

- The failure to conduct reasonable investigations

- The continuing publication of inaccurate tradelines

Those injuries exist independently of the state judgment and would exist even if no state case had ever occurred.

Defendants' own briefing confirms this temporal separation (Dkt. 24, Pg. 7). Blitt & Gaines expressly acknowledge that credit reporting reflected changes after entry of judgment, demonstrating that the conduct challenged here consists of post-judgment reporting and verification activity—not the judgment itself. Where the alleged injury arises from later data furnishing and verification decisions, Rooker-Feldman does not apply as a matter of law.

A court ruling does not immunize later furnishing or verification of inaccurate or misleading credit data under federal law.

A federal claim is not barred merely because a state court previously adjudicated related background facts, where the federal claim arises from post-judgment conduct and independent statutory duties. Defendants' argument fails at element one.

PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS - 2

### B. Res Judicata Does Not Apply

Res judicata requires identity of causes of action.

The state action was a collection case. This action is a federal statutory enforcement case involving:

- Post-dispute credit reporting

- Furnisher investigation duties

- False chargeback dispute coding

- Third-party data transmission

These claims:

- **Could not have been raised as counterclaims**

- **Arose after many of the state proceedings**

- **Involve different legal rights, different duties, and different remedies**

Even Defendants' own exhibits confirm the federal claims concern post-judgment reporting conduct.

Defendants' acknowledgment that credit reporting activity occurred and changed after judgment independently defeats claim preclusion. Post-judgment furnishing, verification, and dispute handling constitute new operative facts giving rise to new legal duties under federal law. Such claims cannot be precluded by a prior collection judgment.

No identity of claims confirms no preclusion.

### III. PLAINTIFF HAS ARTICLE III STANDING

Plaintiff alleges:

- Publication of inaccurate credit data

- Impairment of creditworthiness

PLAINTIFF'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS - 3

- Denial of credit opportunities

- Reputational harm recognized under the FCRA

These are **concrete, particularized injuries** repeatedly recognized by the Seventh Circuit. Defendants' attempt to relabel these harms as "emotional only" ignores the Complaint's plain allegations.

Standing exists.

## IV. PLAINTIFF STATES CLAIMS UNDER FEDERAL LAW

### A. FCRA Claims Are Plausibly Pleaded

Defendants argue Plaintiff failed to plead "inaccuracy." That is incorrect. (Compl. ¶¶ 11–16, 19–22, 26–28, 35–36)

The Complaint pleads that Defendants:

- Furnished data of chargeback related disputes Plaintiff did not initiate

- Verified those tradelines after notice of dispute

- Failed to correct or delete inaccurate information

At the pleading stage, Plaintiff is not required to prove accuracy, only to plausibly allege inaccuracy.

That standard is met.

### B. Blitt & Gaines Is Not Immunized

Blitt attempts to shield itself by claiming it merely relied on creditor data.

But the Complaint alleges Blitt:

- Transmitted and used chargeback-coded data

- Participated in verification responses

- Adopted and relied upon disputed data in litigation and reporting

Whether Blitt qualifies as a furnisher, or acted jointly with furnishers, is a fact question inappropriate for Rule 12 dismissal.

## C. Defendants' Motions Fail Because They Refuse to Identify the Furnisher or the §1681s-2(b) Investigator

BoA asserts that no inaccurate information was furnished, while Blitt & Gaines asserts it is not a furnisher and merely relied on BoA's data. Neither motion identifies who furnished the tradeline data, who received CRA dispute notices, or who conducted the investigation required by 15 U.S.C. §1681s-2(b).

These omissions are dispositive. If BoA was the furnisher, the Complaint plausibly alleges §1681s-2(b) violations; if TrakAmerica was delegated that role, discovery is required to determine whether statutory duties may be delegated to a third-party vendor; and if responsibilities were shared, each entity may be liable. At minimum, dismissal is improper because Defendants' motions raise factual questions central to the statutory cause of action that cannot be resolved at Rule 12.

## V. DEFENDANTS' RELIANCE ON CREDIBILITY FINDINGS IS IMPROPER

Defendants repeatedly cite state-court credibility determinations. That is fatal to their motion. At Rule 12:

- Credibility **cannot be weighed**

- Competing narratives **cannot be resolved**

- Extrinsic findings cannot be used to **negate plausible allegations**

Defendants' briefing improperly seeks summary judgment without discovery.

## VI. DISCOVERY IS NECESSARY AND APPROPRIATE

Defendants' motions underscore the need for discovery. While repeatedly referencing "credit reporting," "verification," and "dispute handling," Defendants largely omit any explanation of TrakAmerica's role—despite TrakAmerica being named as a defendant and alleged to have participated in the creation and transmission of the disputed data. The absence of any factual account of who generated, transmitted, and verified the challenged information confirms that these issues cannot be resolved on the pleadings alone.

This case turns on:

- Who generated the chargeback data

- When it was created

- How it was transmitted

- Who verified it

- What procedures were used

All of that information is **exclusively in Defendants' control**.

Dismissal at this stage would improperly shield Defendants from accountability for conduct federal law expressly regulates.

## VII. CONCLUSION

Because:

- This Court has jurisdiction

- Plaintiff has standing

- Independent federal claims are plausibly alleged

- Defendants' defenses rely on factual disputes and credibility determinations

**The motions to dismiss should be denied in their entirety.**

In the alternative, dismissal should be **without prejudice**, with leave to amend.

Respectfully submitted,

s/Calvin Carter – Pro Se

January 27, 2026

Calvin Carter
5006 S. Blackstone Ave. Apt. 104
Chicago, IL, 60615
calvincarter2026@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I caused a true and correct copy of the foregoing Plaintiff's Consolidated Memorandum in Opposition to Defendants' Motions to Dismiss to be filed with the Clerk of the Court. Service was effected upon all counsel of record for Bank of America, N.A., DataSearch NY Inc. d/b/a TrakAmerica, and Blitt & Gaines, P.C. via the Court's CM/ECF electronic filing system, which automatically generates notice of filing to all registered CM/ECF users.

All Defendants in this action are represented by counsel who are registered CM/ECF users.

Respectfully submitted,
/s/ Calvin Carter
Calvin Carter, Pro Se

5006 S. Blackstone Ave., Apt. 104
Chicago, IL 60615
calvincarter2026@gmail.com
Dated: January 27, 2026