# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 1:25-cv-13520 |
| v. | ) |
| | )   Hon. Mary M. Rowland |
| BANK OF AMERICA, N.A., AND | ) |
| DATASEARCH NY INC D/B/A | ) |
| TRAKAMERICA AND | ) |
| BLITT AND GAINES, P.C. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND JOINDER IN CO-DEFENDANT BLITT & GAINES, P.C.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ...................................................................................................... 1

    A. Plaintiff's FCRA Claim Fails Because He Still Has Not Alleged Any Inaccuracy. ...................................................................................... 1

    B. The Rooker-Feldman Doctrine and Res Judicata Bar Plaintiff's Claims. .............. 4

    C. Plaintiff Lacks Article III Standing........................................................................ 6

    D. Plaintiff's Request for Discovery Is a Tacit Admission That His Claims Are Insufficiently Pleaded. .................................................................... 7

    E. Plaintiff's Reliance on State Court Credibility Determinations Is Unavailing................................................................................................. 8

III. CONCLUSION.................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brunett v. Convergent Outsourcing, Inc.*,
982 F.3d 1067 (7th Cir. 2020) ...................................................................................6

*Chuluunbat v. Cavalry Portfolio Servs., LLC*,
No. 20 C 164, 2020 WL 4208106 (N.D. Ill. July 22, 2020) ....................................2

*Denan v. Trans Union, LLC*,
No. 18 C 5027, 2019 WL 911270 (N.D. Ill. Feb. 22, 2019).....................................2

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005).................................................................................................4

*Frazier v. Dovenmuhle Mortgage, Inc.*,
72 F.4th 769 (7th Cir. 2023) ..................................................................................2, 4

*Gilbank v. Wood Cnty. Dep't of Hum. Servs.*,
111 F.4th 754 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1167 (2025)........................4

*Gorman v. Wolpoff & Abramson, LLP*,
584 F.3d 1147 (9th Cir. 2009) .................................................................................3

*Henson v. CSC Credit Servs.*,
29 F.3d 280 (7th Cir. 1994) ....................................................................................2

*Hicks v. Midwest Transit, Inc.*,
479 F.3d 468 (7th Cir. 2007) ...................................................................................5

*Holmes v. Marion Cnty. Sheriff's Off.*,
141 F.4th 818 (7th Cir. 2025) ..................................................................................8

*Jordan v. M&T Bank Corp.*,
Cause No. 1:22-cv-00268-SLC, 2025 WL 887120 (N.D. Ind. Mar. 21, 2025) .........3

*Licari v. City of Chicago*,
298 F.3d 664 (7th Cir. 2002) ...................................................................................6

*Parungao v. Cmty. Health Sys.*,
858 F.3d 452 (7th Cir. 2017) ...................................................................................2

*Pierre v. Midland Credit Mgmt, Inc.*,
29 F.4th 934 (7th Cir. 2022) ....................................................................................6

*River Park, Inc. v. City of Highland Park,*
    184 Ill. 2d 290, 703 N.E.2d 883 (1998) .................................................................5

*Stuckey v. Hous. Auth. of Cook Cty.,*
    No. 16 CV 03443, 2017 WL 11606727 (N.D. Ill. Sept. 18, 2017) ...........................7

*Wadsworth v. Kross, Lieberman & Stone, Inc.,*
    12 F.4th 665 (7th Cir. 2021) ....................................................................................6

**Statutes**

FCRA ..........................................................................................................................1, 4, 6

FDCPA..............................................................................................................................6

**Other Authorities**

Rule 12(b)(6).....................................................................................................................8

Defendant Bank of America, N.A. ("BANA"), by its undersigned counsel, respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 33) and Joinder in Co-Defendant Blitt & Gaines, P.C.'s Motion to Dismiss (ECF No. 24) (collectively, the "Motions to Dismiss").

## I. INTRODUCTION

Plaintiff's Opposition (ECF No. 46) fails to address, much less overcome, the fundamental deficiencies in his Complaint. Despite nearly eight pages of argument, Plaintiff never identifies what information BANA reported about his credit card account (the "Account") that was actually inaccurate. (*See generally* Opp.) That omission is fatal to his Fair Credit Reporting Act ("FCRA") claim. Plaintiff's Opposition instead relies on irrelevant tangents about "chargebacks," "claim IDs," and purported post-judgment conduct—none of which establish the threshold requirement for any FCRA claim: an actual inaccuracy in reported information.

The record is clear. A state court, after a full trial on the merits, entered judgment against Plaintiff for $7,599.65 on the Account. That same court expressly found that Plaintiff's fraud allegations against BANA and Blitt & Gaines were "not credible." Plaintiff now asks this Court to revisit those identical claims under the guise of federal statutory violations. He should not be permitted to do so. For these reasons, those in the Motions to Dismiss, and as explained more fully below, Plaintiff's claims against BANA fail as a matter of law, and his Complaint must be dismissed.

## II. ARGUMENT

### A. Plaintiff's FCRA Claim Fails Because He Still Has Not Alleged Any Inaccuracy.

Plaintiff's Opposition confirms that his FCRA claim against BANA should be dismissed. Under Section 1681s-2(b), a threshold showing of inaccuracy is required to state a claim against a

furnisher. *See Frazier v. Dovenmuhle Mortgage, Inc.*, 72 F.4th 769, 776 (7th Cir. 2023); *Denan v. Trans Union, LLC*, No. 18 C 5027, 2019 WL 911270, at *1 (N.D. Ill. Feb. 22, 2019); *see also Chuluunbat v. Cavalry Portfolio Servs., LLC*, No. 20 C 164, 2020 WL 4208106, at *2 (N.D. Ill. July 22, 2020) (A "sufficient[] alleg[ation] that [a plaintiff's] credit report contains inaccurate information [] is an independent and threshold element that must be met before even reaching the issue of whether procedures were reasonable."). As the Seventh Circuit has made clear, Section 1681s-2(b) "does not impose liability on a furnisher unless it provided or verified inaccurate or misleading information following such a dispute." *Frazier*, No. 20 C 6721, 2022 WL 3445801, at *1.

Plaintiff's Opposition does nothing to cure this defect. (*See generally* Opp.) Rather than identifying a specific piece of information that BANA reported inaccurately—such as an incorrect balance, payment date, status, or charge-off date—Plaintiff vaguely references "chargeback data," "dispute coding," and "inaccurate information." (*See* Opp. at 4, ECF No. 46 at 4; *see also* BANA Mem. at 3-4; ECF No. 34 at 6-7.) But these buzzwords do not identify an actual inaccuracy in the information BANA furnished to the credit reporting agencies about the Account.

The undisputed facts, which are part of the public record subject to judicial notice, establish that the Account information BANA reported was accurate. *See Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[T]he district court may also take judicial notice of matters of public record" without converting a 12(b)(6) motion into a motion for summary judgment.). The state court found, after a bench trial:

- Plaintiff opened the Account on February 5, 2016 after applying online. (Bystander's Report at 3, ECF No. 24-7 at 6; State Court Compl. Aff., ECF No. 24-1 at 3.)
- Plaintiff used the Account and made payments from his BANA checking account. (Bystander's Report at 3, ECF No. 24-7 at 6.)

- Plaintiff's last payment on the Account was in February 2022, and his address on all Account statements was 5006 S. Blackstone Ave., Apt. 104, Chicago, IL—the same address where he still resides. (Bystander's Report at 3, ECF No. 24-7 at 6.)
- The Account balance at charge-off was $7,599.65. (*Id.*)
- There were no unresolved disputes with respect to the Account as of the trial date. (*Id.* at 4, ECF No. 24-7 at 7.)

Plaintiff himself admitted at trial that he opened the Account. When asked by counsel whether he was claiming that the credit card was not his, "Mr. Carter did not deny opening the card." (Bystander's Report at 5, ECF No. 24-7 at 8.) This admission is consistent with a recorded call Plaintiff submitted in the state court proceedings, where he acknowledged: "Yeah. I did have the account ending in 1777." (ECF No. 24-4 at 10.)

BANA reported a charged-off Account balance of $7,599.65—which was accurate. (State Court Compl. Aff., ECF No. 24-1 at 3-4; BANA Credit Report Resp., ECF No. 24-3 at 17.) BANA investigated Plaintiff's disputes and confirmed that "all of the [A]ccount details we reported are accurate." (BANA Credit Report Resp., ECF No. 24-3 at 17.) Plaintiff's disagreement with BANA's investigation results does not transform accurate information into inaccurate information. Indeed, "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Jordan v. M&T Bank Corp.*, Cause No. 1:22-cv-00268-SLC, 2025 WL 887120, at *14 (N.D. Ind. Mar. 21, 2025) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Plaintiff's argument that he "did not initiate" certain claims or disputes is irrelevant to whether the underlying Account information was accurate. (*See* Opp. at 4, ECF No. 46 at 4.) Even accepting Plaintiff's allegations as true, whether a claim was initiated by him, by TrakAmerica, or by anyone else has no bearing on whether BANA accurately reported his Account balance, payment history, and charge-off status. Those facts remain undisputed and accurate. Thus, for

these reasons and those in the Motions to Dismiss, Plaintiff has not established and cannot establish the threshold element of inaccuracy to maintain his FCRA claim against BANA, and Plaintiff's FCRA claim against BANA fails as a matter of law on this basis alone. *See Frazier*, No. 20 C 6721, 2022 WL 3445801, at *1.

**B.      The Rooker-Feldman Doctrine and Res Judicata Bar Plaintiff's Claims.**

In the Opposition, Plaintiff contends that his claims concern "post-judgment and extra-judicial conduct" and are therefore outside the scope of Rooker-Feldman and res judicata. (*See* Opp. at 1-2, ECF No. 46 at 1-2.) This argument ignores the substance of his Complaint.

Plaintiff's Complaint explicitly links his alleged injuries to the state court judgment. (*See generally* Compl.) He alleges that "as a result of fabricated documents and misrepresentations he suffered damages including the appearance of a state-court judgment based on inaccurate information." (Compl., ¶ 28, ECF No. 1 at 7.) Plaintiff claims that the Defendants "jointly and unlawfully orchestrated a debt-collection, litigation, and credit-reporting scheme" causing harm "before, during, and after the state-court proceedings." (Compl., ¶ 2, ECF No. 1 at 1-2.) This assertion is precisely the type of claim that seeks to undermine a state court judgment and that Rooker-Feldman prohibits.

All four Rooker-Feldman elements are satisfied here, and nothing in the Opposition changes that result. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1167 (2025). First, Plaintiff was a state-court loser—the July 15, 2025 judgment was entered against him. (Judgment Order, ECF No. 24-6 at 1.) Second, the judgment became final before Plaintiff initiated this federal action on November 4, 2025. (Compl., ECF No. 1.) Third, Plaintiff claims the judgment is the source of his injuries—he explicitly alleges harm from "the appearance of a state-court judgment based on inaccurate information." (Compl. ¶ 28, ECF No. 1 at 7.) Fourth,

Plaintiff's claims invite this Court to review and reject the state court's findings—including its determination that his fraud allegations were "not credible." (Judgment Order, ECF No. 24-6 at 1; Bystander's Report at 6, ECF No. 24-7 at 9.)

Plaintiff's argument that credit reporting activity "occurred after judgment" confirms that Rooker-Feldman applies. (*See* Opp. at 1-2, ECF No. 46 at 1-2.) As Blitt & Gaines correctly noted in its Motion to Dismiss, the credit reporting changed after judgment precisely because "an independent trier-of-fact found his disputes lacked credibility and entered judgment for BANA." (Blitt MTD at 7-8; ECF No. 24 at 7-8.) The changes in dispute notations on Plaintiff's credit reports were a direct consequence of the judgment—not independent violations of federal law. (*See* Compl. ¶ 27, ECF No. 1 at 7.) Accordingly, for these reasons and those in the Motions to Dismiss, the Rooker-Feldman doctrine bars Plaintiff's claims. (*See* Blitt MTD at 7-9, ECF No. 24 at 7-9.)

Similarly, res judicata bars Plaintiff's claims, and nothing in the Opposition changes that result. Plaintiff argues that res judicata does not apply because the state action was a "collection case" while this action involves "post-dispute credit reporting," "furnisher investigation duties," and "third-party data transmission" that "could not have been raised as counterclaims" and "arose after many of the state proceedings." (*See* Opp. at 3, ECF No. 46 at 3.) This argument fails. *See River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E.2d 883, 889 (1998); *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). The Judgment Order and certified Bystander's Report establish that Plaintiff's fraud claims were fully litigated and determined to lack credibility at trial. The state court heard testimony on all of the fraud claims Plaintiff now seeks to relitigate, and the court explicitly found: "The Court finds that any testimony & evidence with respect to the commission of fraud by Mike Starzec, Barb Nilsen, or any employee of Blitt &

Gaines, PC or Bank of America is found to be not credible." (Judgment Order, ECF No. 24-7 at 2; Bystander's Report at 6, ECF No. 24-7 at 9.)

Plaintiff had a full and fair opportunity to litigate these claims. *See Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002). The state court struck his initial fraud affidavit in April 2025 (Motion Order, ECF No. 24-5), but then allowed him to relitigate the fraud issues on the merits at trial in July 2025. (Bystander's Report at 5-6, ECF No. 24-7 at 8-9.) He was permitted to cross-examine BANA's witness and present evidence of his alleged fraud claims. (Bystander's Report at 4-5, ECF No. 24-7 at 7-8.) Having lost at trial after a full hearing, he cannot now seek a "third bite at a rotten apple" in federal court, and Plaintiff's Complaint must be dismissed under res judicata. (Blitt MTD at 1, ECF No. 24 at 1.)

### C.     Plaintiff Lacks Article III Standing.

In the Opposition, Plaintiff claims he has standing based on "publication of inaccurate credit data" and "impairment of creditworthiness." (*See* Opp. at 3, ECF No. 46 at 3.) But these conclusory allegations cannot establish Article III standing without an underlying allegation of actual inaccuracy.

The Seventh Circuit has made clear that "courts may entertain FDCPA claims only when the plaintiff suffers a concrete harm that he wouldn't have incurred had the debt collector complied with the Act." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 669 (7th Cir. 2021). And purely emotional or psychological harms do not suffice to establish Article III standing. *See Pierre v. Midland Credit Mgmt, Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020). And as noted in the Motions to Dismiss, for FCRA claims, a concrete injury requires more than emotional harm—it requires an actual, material inaccuracy. (*See* BANA Mem. at 2-4, ECF No. 34 at 5-7; Blitt MTD at 5-7, ECF No. 24 at 5-7.)

Here, Plaintiff's only claimed "reputational" injury is that credit reporting reflected changes after judgment. (*See* Compl. ¶¶ 27, 45, 47, ECF No. 1; *see also* Opp. at 3, ECF No. 46 at 3.) But as Blitt & Gaines explained, "the disputes were reported and reported accurately. This spells out that the reporting was accurate and only changed after an independent trier-of-fact found his disputes lacked credibility and entered judgment for BANA." (Blitt MTD at 7-8, ECF No. 24 at 7-8.) That is not a cognizable injury under federal law—it is merely "a reflection of an outcome at trial." (Blitt MTD at 8, ECF No. 24 at 8.) Accordingly, Plaintiff's conclusory allegations fail to establish Article III standing, and his Complaint must be dismissed on this added basis.

**D.**     **Plaintiff's Request for Discovery Is a Tacit Admission That His Claims Are Insufficiently Pleaded.**

Plaintiff's request for discovery before dismissal underscores the inadequacy of his Complaint. (*See* Opp. at 5-6, ECF No. 46 at 5-6.) Plaintiff argues that discovery is needed to determine "who generated the chargeback data," "when it was created," and "who verified it." (Opp. at 6, ECF No. 46 at 6.) But if Plaintiff cannot identify an actual inaccuracy without discovery, he has not met his burden to plausibly allege a claim for relief. (*See* BANA Mem. at 3-4, ECF No. 34 at 6-7.)

"A *pro se* complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief." *Stuckey v. Hous. Auth. of Cook Cty.*, No. 16 CV 03443, 2017 WL 11606727, at *2 (N.D. Ill. Sept. 18, 2017). Plaintiff cannot use discovery as a fishing expedition to find a claim he has not pleaded. *See id.* His burden at the pleading stage is to identify what specific information was inaccurate and how it was inaccurate. Plaintiff has failed to do so, and his Complaint must be dismissed.

**E.     Plaintiff's Reliance on State Court Credibility Determinations Is Unavailing.**

Plaintiff argues that Defendants improperly rely on state court credibility determinations. (*See* Opp. at 5, ECF No. 46 at 5.) But Defendants are not asking this Court to make credibility determinations—they are asking this Court to take judicial notice of public records that establish preclusive effect under Rooker-Feldman and res judicata. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("the face of the complaint refers not just to its four corners but includes sources courts ordinarily consider when deciding a Rule 12(b)(6) motion, such as documents incorporated into the complaint by reference and public records of which the court may take judicial notice."); *see also* Blitt MTD at 5-6, ECF No. 24 at 5-6. Courts routinely take judicial notice of state court proceedings in determining whether federal claims are barred. (*See id*.)

Moreover, the state court's credibility findings are not merely evidence—they are final adjudications that have preclusive effect. (Judgment Order, ECF No. 24-7 at 2; Bystander's Report at 6, ECF No. 24-7 at 9; *see also* Blitt MTD at 10-11, ECF No. 24 at 10-11.) Thus, this Court is not being asked to weigh credibility; it is being asked to recognize that identical claims were already adjudicated and found to lack merit. Accordingly, Plaintiff's arguments to the contrary in the Opposition do not save his claims from dismissal.

### III.     CONCLUSION

For the foregoing reasons, and for all the reasons stated in the Motions to Dismiss, BANA respectfully requests that the Court grant its Motion, dismiss Plaintiff's Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:  March 3, 2026                                    Respectfully submitted,

                                                                        */s/ Susan E. Groh*
                                                                        Susan E. Groh (IL 6289629)
                                                                        MCGUIREWOODS LLP
                                                                        77 West Wacker Drive, Ste. 4100
                                                                        Chicago, IL 60601-1818

Telephone: (312) 849-8184
Email: sgroh@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*