# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CALVIN CARTER,

    Plaintiff,

v.

BANK OF AMERICA, N.A., DATASEARCH
NY INC. dba TRAKAMERICA, BLITT AND
GAINES P.C.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:25-cv-13520

Judge Mary M. Rowland

## DEFENDANT DATA SEARCH, NY, INC. D/B/A TRAKAMERICA'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Data Search NY Inc d/b/a TrakAmerica ("TRAK") by and through its attorneys and for its Reply in Support of its Motion to Dismiss Plaintiff's Complaint respectfully joins the briefs submitted by its co-defendants Bank of America, N.A. ("BANA") and Blitt & Gaines, P.C. ("Blitt") and further states as follows:

### Plaintiff's Complaint should be dismissed against TRAK for those reasons set forth in BANA and Blitt's briefs, including under the doctrine of *Res Judicata*

None of Plaintiff's filings overcome the fundamental flaw in his theories- that his federal claims are inextricably intertwined with a state court judgment. He contends that Defendants allegedly submitted fraudulent documents and/or improperly attributed a fraud claim to him in order to pursue his debt and obtain a judgment:

2.     Defendants jointly and unlawfully orchestrated a debt-collection, litigation, and credit-reporting scheme by submitting false documentation, fabricating charge-back communications, and misusing Plaintiff's private information without consent- causing ongoing harm to Plaintiff's credit and reputation *before, during, and after the statue-court proceedings related to Bank of America v. Carter, Case NO. 2023-M1-109810 (Cook County Circuit Court).* (emphasis added).

9.     At all relevant times, attorneys Michael Starzec and Barb Nielsen, acting as agents of Blitt and Gaines, through TrakAmerica, fabricated documents and submitted forged representations to the court and to BoA.

11. BoA delegated operational control of the account and fraud application claim processing to its third-party vendor, TrakAmerica, which acted under BoA's name through Blitt & Gaines in pursuing litigation under Case No. 2023-M1-109810 and processing chargebacks on the account.

31. Blitt and Gaines and TrakAmerica used false, deceptive, and misleading representations to collect a debt, in violation of §1692e(2)(A) and §1692e(10).

32. By filing suit on a debt they had no standing to enforce, submitting false chargebacks, and misusing court process, they further violated §1692f (unfair practices).

Plaintiff's attempts to re-characterize his claims as "post judgment" conduct unrelated to the validity of the judgment fail because the allegations in his Complaint make clear that Plaintiff is, in fact, challenging his underlying account and the evidence presented to Judge Allegretti in state court.

For instance, Plaintiff claims Defendants were allegedly engaged in a conspiracy as follows:

47. Defendants BoA, TrakAmerica, and Blitt & Gaines conspired to falsely attribute fraudulent financial conduct to Plaintiff to collect a debt and suppress evidence of their misconduct. Blitt & Gaines misrepresented Plaintiff's May 25, 2023 debt-validation letter as a, "fraud application," claim, TrakAmerica relayed this to BoA, which adopted and coded it as Fraud Application Claim 230607G1A51F- causing unauthorized chargebacks and false credit reporting. Each Defendant repeated the same false narrative linking the claim to the May 25, 2023 letter across court filings and regulatory responses. These coordinated acts *sustained litigation on an account they knew or should have known was fraud-tainted*, causing Plaintiff reputational, emotional, and financial harm. (emphasis added).

Plaintiff references "false chargebacks" in his responses, but these references are nothing new. Indeed Plaintiff made this part of his defense in the collection action:

Mr. Carter gave an opening statement claiming ongoing identity theft and fraudulent claim evaluations by Bank of America and Blitt & Gaines, PC. Mr. Carter claimed a total loss more than $83,000.00 stemming from this identity theft and related fraudulent claim evaluations/chargebacks. He sought a dismissal with

 1096434\328424348.v1

prejudice, claiming that his Illinois Supreme Court Rule 280.5 affidavit had gone unresolved.  (Dkt #24-7, PageID #309).

In entering judgment, Judge Allegretti specifically considered Plaintiff's claims of fraud and rejected them, finding them to not be credible.  (Dkt #24-6).

Plaintiff attempts to distinguish *Palladino v. Wells Fargo Bank, N.A.*, Case No. 15 CV 10610, 2024 U.S.Dist. LEXIS 50306, (N.D.Ill. Mar. 21, 2024), claiming "Palladino involved injuries flowing solely from the entry of a state-court judgment." (Dkt #43, p.4).  On the contrary, like Plaintiff here, Palladino tried to avoid the application of *Rooker-Feldman* by denying that he was seeking to reverse an underlying judgment.  As the court made clear:

> It is true that Palladino does not directly request that the Court reverse the foreclosure judgment, though many of his allegations do take issue with rulings by the state court. But regardless of whether his claims seek direct reversal of the judgment, as noted above, *Rooker-Feldman* also bars federal claims that are inextricably intertwined with a state court judgment, that is, claims based on injuries that were caused by the state court judgment.  And here, all of Palladino's alleged injuries and claims for damages are inextricably tied to the ultimate judgment of foreclosure, because according to Palladino, that foreclosure was only reached as a result of the fraud, misrepresentations, and otherwise wrongful conduct allegedly perpetuated by Defendants. *Id*. at \*15.

Similarly, here Plaintiff's alleged injuries stem from a judgment he claims was entered as the result of fraud.  Indeed Plaintiff asks this Court to issue both injunctive and declaratory relief "prohibiting" any future collection or credit reporting on the account.  *See* Compl., Prayer for Relief, ¶G,H.  *Rooker-Feldman* plainly bars such a challenge on an underlying state court judgment.

**Plaintiff does not allege a claim against TRAK under the FCRA**

Plaintiff's January 14, 2026 Reply contends that he "adequately pleads FCRA liability." (Dkt #43, p.4).  The Complaint, however, does not allege a FCRA claim against TRAK.  Plaintiff cannot amend his Complaint via a response brief, nor could he attempt to allege a claim against

    1096434\328424348.v1

TRAK because it did not furnish information to the credit reporting agencies on his BANA account.  On the contrary, as BANA explains, BANA accurately reported Plaintiff's account balance, payment history, and charge-off status.  (Dkt #47).  Plaintiff does not nor can he allege a FCRA claim against TRAK.

**WHEREFORE,** Defendant Data Search NY Inc d/b/a TrakAmerica respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and for such further relief as this Court deems appropriate and just.

Respectfully submitted,

By: */s/ Jennifer W. Weller*
Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
Fax:  (312) 704-3001
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

1096434\328424348.v1