# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CALVIN CARTER                                    )
                                                 )          No. 25 CV 13520
        Plaintiff                          )
                                                 )          Judge Mary M. Rowland
    Vs.                                      )
                                                 )
BANK OF AMERICA, N.A.                            )
DATA SEARCH, NY, INC. d/b/a Trakamerica         )
BLITT AND GAINES, P.C.,                          )
                                                 )
        Defendants                          )

## DEFENDANT BLITT AND GAINES, P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(1) & 12(b)(6)

Defendant, Blitt & Gaines, P.C.("Blitt"), by and through counsel, Michael L. Starzec, respectfully submits its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

## I.      PREAMBLE

Plaintiff cannot escape the unintended impact of his litigiousness.  When the state trial court entered judgment, Plaintiff immediately appealed and sought a Bystander's Report ("Report") to explicate what occurred at trial.  However, the Report that was signed by the trial court confirms that Plaintiff has no concrete injury, that his current claims were addressed in the state action and that he seeks to overturn a final judgment.   Finally, the Record proves Blitt is not and was not a furnisher of information to the credit reporting agencies.

## II.      REPLY IN SUPPORT OF DISMISSAL UNDER 12(B)(1)

**A.      The Trial Court's Adjudication Demonstrates Lack of Standing**

Dismissal would be proper under Article III even though FCRA claims do not require a concrete injury because the plaintiff must plead the creditor failed to report the debt as

disputed.  *Evans, Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1310 (7th Cir. 2025).  But as the Bank's witness explained, the dispute was reported and investigated *multiple times:* Mr. Geiser testified that:

1. Bank of America conducted multiple fraud investigations on this account after the 2022 charge-off, and that they were conducted after being made aware of Mr. Carter's multiple fraud claims.

**(See Dkt. 24, Exhibit G, reattached here as Exhibit A)**  Then, under the Trial Court's questioning, the Bank's witness answered it found no fraud based on the evidence provided:

> ... Judge Allegretti asked if Bank of America determined there to be fraud on Mr. Carter's account. Mr. Geiser confirmed the Bank determined there to be no fraud based on the evidence it was provided.

Therefore, the Plaintiff's Complaint is not premised on improper reporting or investigating but his dissatisfaction with the outcome.  Except, by presenting his disputes to the trial court, Plaintiff's opinion is not material – the judgment confirms the Bank's investigation was reasonable.  **(See Dkt. 24, Exhibit F, reattached here as Exhibit B)**  The judgment also forecloses Plaintiff's claims of denied credit opportunities, reduced creditworthiness, and reputational harms.   Put differently, a negative credit consequence for *accurate* reporting cannot be the source of liability because the judgment entry serves to confirm the report's accuracy.

**B.      Rooker-Feldman Bars Post-Judgment Credit Reporting Claims**

Plaintiff claims the doctrine does not apply because he is attacking the "credit reporting reflect[ing] changes after entry of [the] judgment…" and not the actual judgment.  This ignores the doctrine's third element - that the state-court judgment must have caused  the alleged injury. Plaintiff admits the judgment *is* the injury because, after the judgment's entry, his disputes were replaced by a negative credit report.  This is also where the fourth element of *Rooker-Feldman* is

implicated – notwithstanding the judgment, Plaintiff claims the debt is invalid, i.e., there is no debt, so that the judgment is voidable, meaning the Complaint necessarily requires a review and rejection of the state court judgment if Plaintiff wishes to prevail.

**C.      Blitt's Immunity from the Illinois Consumer Fraud Act not Challenged**

Blitt also established that attorneys representing clients are not subject to the ICFA. *Cripe v. Leiter,* 184 Ill.2d 185, 199, 703 N.E.2d 100 (1998).  Plaintiff makes no contrary argument.

**D.      Plaintiff Improperly Seeks to Amend his Complaint in his Pleadings**

A complaint may not be amended by the briefs in opposition to a motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).  That is especially true where a belated explication cannot cure the elemental inadequacy.  *Diamond Sawblades Manufacturers' Coal. v. Diamond Tools Tech., LLC*, 504 F. Supp. 3d 927, 945 (S.D. Ind. 2020)

Count II alleges an FCRA violation *against Bank of America.*   Notwithstanding, the Response alleges that *Blitt* must answer for the FCRA violations where Blitt was not named. This cannot save his Complaint nor is he entitled to amendment because  a court can deny an opportunity to amend if amendment would be unable to withstand a motion to dismiss. *Smart v. Local 702 Intern. Broth. Of Elec. Workers,* 562 F.3d 798, 811 (7th Cir.2009). Here, Defendant creates liability not intended by statute so that amendment would be futile.

**II.       REPLY IN SUPPORT OF ITS 12(B)(6) MOTION TO DISMISS**

**A.      Plaintiff's Response Confirms Blitt's Rationale for Dismissal by *Res Judicata***

Plaintiff's argues that because he only raised his federal claims as a defense in the state action, not as a counterclaim, they are not barred by *res judicata.*  However, *res judicata* bars both issues that were raised in the prior proceeding *and* issues which could have been raised in the prior proceeding. *Nowak v. St. Rita High Sch.,* 197 Ill.2d 381, 258 Ill.Dec. 782, 757 N.E.2d

471, 477 (Ill.2001)  Plaintiff's federal claims were defenses that he has advanced which have been rejected twice, by motion and at trial. Plaintiff's assertion that what happens in state court stays in state court, with no impact on this action is simply wrong – a litigant may not flit from venue to venue, until he finds a trier-of-fact that supplies the outcome he wishes.   This litigation is a textbook example for application of this doctrine because "res judicata rests on the "fundamental public policy that there be an end to litigation." *In re LB Steel, LLC,* 572 B.R. 690, 699 (Bankr. N.D. Ill. 2017) citing to *Crop–Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989).(Internal punctuation omitted)

**B.      Blitt Relied on Creditor Data in Litigating the Collection Action**

Plaintiff claims Blitt is liable under the FDCPA because it "used chargeback-coded data" and "adopted and relied on disputed data in litigation."  But this is *exactly* what the Seventh Circuit sanctioned in *Jenkins v. Heintz*, 124 F.3d 824, 832 (7th Cir. 1997), *Hyman v. Tate and Kirlin,* 362 F.3d 965, 968  (7th Cir. 2004) and *Randolph v. IMBS, Inc*., 368 F.3d 726, 729–30 (7th Cir. 2004).   Specifically, Blitt, as third-party independent contractor, does not possess the creditor's knowledge as to the veracity of the debt nor is that knowledge imputed. Accordingly, Blitt may rely on its client representations, without investigation, even if later it is shown the creditor was in error.  Finally, in alleging Blitt verified the debt based on client data, Plaintiff only confirms Blitt complied with, rather than violated, § 1692(g)(a) & (b) of the FDCPA.

**C.      The Record Proves Blitt is not a Furnisher of Information**

Blitt cannot be liable under the FCRA because, as the Report confirms, the Bank's witness testified that it was the Bank who received the dispute from the CRA.  Then the Bank investigated, invalidated, and transmitted the data,  In receiving the dispute, it proved the Bank, not Blitt, was not the furnisher.  This is confirmed by the process to dispute under the FCRA.  A

plaintiff must (1) Notify the CRA of an inaccuracy; (2) *The CRA communicates the dispute to the information furnisher;* and thereafter; (3) The furnisher fails to investigate and correct the information. *Smith v. Servicemac, LLC*, 2025 WL 3280841, at *3 (N.D. Ill. Nov. 25, 2025) (Emphasis added)   Additionally, this testimony invalidates Plaintiff's claim that his action should continue because the Defendants did not "refuse" to identify the furnisher of information – it was disclosed six months ago, under oath and at trial.

**D.      Plaintiff's Response Does not Address Fraud or Fraudulent Misrepresentation**

As Blitt's motion explained, Plaintiff cannot maintain fraud or misrepresentation without a false statement and the Record shows the Trial Court expressly found that neither Blitt's nor the Bank committed fraud, barring these theories by *res judicata* and 12(b)(6)

WHEREFORE, Plaintiff respectfully requests that this Honorable Court dismiss this lawsuit, with prejudice, and for any further relief this Honorable Court deems equitable and just.

Respectfully submitted,

By: /s/<u>Michael L. Starzec -6230325</u>

Michael L. Starzec
Attorney for Defendant, Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(847) 403-4901
Mike@BlittandGaines.com