**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CALVIN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., DATASEARCH NY INC. D/B/A TRAKAMERICA, BLITT AND GAINES, P.C.<br><br>Defendant(s). | Case No. 25-cv-13520<br><br>Judge Mary M. Rowland |

## ORDER

Plaintiff, Calvin Carter, brings this suit against Defendants Bank of America ("BANA"); Data Search NY Inc. d/b/a TrakAmerica ("TRAK"); and Blitt and Gaines P.C. ("Blitt"). Plaintiff alleges that Defendants conspired to use false, deceptive, and misleading representations to collect a debt and thereby committed common law fraud, misrepresentation, civil conspiracy, and acted in violation of statutes Fair Debt Collection Procedure Act (FDCPA), 15 U.S.C. 1692e-1692f, Fair Credit Reporting Act (FCRA), 1681s-2(b), Illinois Consumer Fraud Act, 815 ILCS 505/2.

Defendants move to dismiss based on lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Bank of America files a separate motion asserting that Plaintiff fails to state a claim under

Fed. R. Civ. Pro 12(b)(6). Defendants' motions to Dismiss [24][33][1] are granted based on the *Rooker-Feldman* doctrine.

## I. Background

Carter asserts that Defendant BANA, through its agent Defendant Trak and its counsel, Defendant Blitt, brought a collection action in state court against him and, during the state court collection action, Defendants created fraudulent documents to support the collection action. The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Based on the previous state court proceedings, Defendants argue this Court lacks jurisdiction based on the *Rooker-Feldman* doctrine. A facial challenge to jurisdiction argues that the plaintiff has not sufficiently alleged a basis of subject-matter jurisdiction, while a factual challenge argues that there is no subject-matter jurisdiction "even if the pleadings are formally sufficient." *Id.* at 173. Defendants here assert *Rooker-Feldman*, a factual challenge. In reviewing a factual challenge, the Court may look "beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* To that end, the Court takes judicial notice of the state court pleadings attached to Defendant Blitt's motion.[2]

[1] The Court granted Defendant BANA's motion to join in Defendant Blitt's motion to dismiss [33][39] and Defendant Trak's motion to adopt Defendant Blitt's motion to dismiss. [37][40].

[2] The state court pleadings from *Bank of America, N.A. vs. Calvin Carter,* Case No. 2023-M1-109810 are identified as follows: Complaint [24-1]; Fraud Affidavit and Answer [24-2]; Fraud Allegation [24-3]; BANA Response to Fraud Allegation [24-4]; Order re: Fraud [24-5]; Judgment Order [24-6]; and Bystander's Report [24-7].

On February 5, 2016, Carter opened a credit card account with BANA. *See* Complaint [1] ¶16. On March 10, 2023, BANA notified Carter of a derogatory tradeline, and informed Carter that a debt of approximately $8,000 was charged off. *Id.* ¶10. Carter states that BANA delegated control of the account to third-party vendor TRAK, which in turn hired Blitt to file a collection action in state court. *Id.* ¶11. On May 1, 2023, Blitt filed a debt collection action against Carter for the outstanding amount, plus costs. *Id.* ¶11; [24-1] at 1. Carter alleges that after the filing of the state court case, he saw "new false notations" across his credit reports. [1] at ¶21.

During the state court action, Carter filed an affidavit alleging that two Defendant Blitt's attorneys, B. Nilsen and K. Filippello, fraudulently opened the account. [24-2] at 8. He further swore that the personal information used to open the account had been stolen in September 2023. *Id.* BANA, represented by Blitt, moved to strike Carter's affidavit, and provided to the state court evidence that Carter opened the account in 2016, along with admissions that the account belonged to Carter during telephone calls with BANA, and the impossibility of Nilsen and Filippello opening the account in 2016. *See generally* [24-3]. On April 29, 2025, the Circuit Court of Cook County granted Bank of America's Motion to Strike Carter's affidavit. [1] ¶23. The Circuit Court of Cook County entered judgment against Carter on July 15, 2025, ordering him to pay $7,599 plus costs, and finding that any fraud claims against BANA and Blitt were not credible.[3] *Id.* ¶24; [24-6] at 1.

---

[3] During the state court proceeding Carter also complained that TRAK stole his identity to the Illinois Department of Financial & Professional Regulation (IDFPR). On May 2, 2025, TRAK responded to

Carter alleges that after the final judgment in the state court case, his credit reports continued to show the account. [1] ¶26. Carter alleges that he has suffered adverse "legal, reputational, and credit consequences, including the appearance of a state-court judgment based on inaccurate information." *Id.* ¶28.

Before the Court now is Defendants' motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [24], [33].

## II. Standard

The Court construes *pro se* complaints liberally, holding them to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citation omitted). Even so, "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Boutte v. Nw. Med. Faculty Found.*, 276 F. Appx. 490, 491 (7th Cir. 2008) (citation and quotations omitted).[4]

## III. Analysis

Defendants assert this Court lacks subject-matter jurisdiction over this dispute pursuant to the *Rooker-Feldman* doctrine, which bars lower federal courts from reviewing or reversing state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Lower federal courts do not have appellate authority over state

---

Plaintiff's claim of identity theft filed with the IDFPR. [1] ¶19. Plaintiff understood the response to indicate that he "was not actively being pursued, yet collection and litigation proceeded based on misrepresented authority." *Id.* ¶19. While Carter may have had some confusion, this does not address the jurisdiction concerns addressed by *Rooker-Feldman*.

[4] Carter's fraud allegations are subject to the higher pleading standard for fraud or mistake, which requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Since the Court determines it lacks jurisdiction under *Rooker-Feldman*, it does not analyze the fraud allegations under this higher standard.

courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Therefore, "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017), (citation and quotations omitted).

The Seventh Circuit instructs *Rooker-Feldman* is to be applied narrowly. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765–66 (7th Cir. 2024) (explaining "*Rooker-Feldman* must stay in its lane"), *cert. denied*, 145 S. Ct. 1167 (2025); *Shophar v. Pathway Fam. Servs.*, LLC, No. 22 CV 02333, 2024 WL 3950215, at *4 (N.D. Ill. Aug. 27, 2024). *Rooker-Feldman* applies when: (i) the federal plaintiff is a state-court loser; (ii) the state court judgment was final before the federal proceedings began; (iii) the state court judgment caused the alleged injury underlying the federal claim; and (iv) the claim invites the federal district court to review and reject the state-court judgment.[5] *Gilbank*, 111 F.4th at 766. "[I]dentifying what the plaintiff has requested is the key *Rooker-Feldman* inquiry" and the doctrine will "not apply when, given the relief sought, a plaintiff . . . does not seek to reverse a state court judgment." *Id.* at 793.

The first two elements of *Rooker-Feldman* require that Carter lost in state court, and that the judgment in that state court case was final prior to the start of these proceedings. The state court entered judgment against Carter on July 15, 2025.

[5] The Court notes that the fifth element of *Rooker-Feldman* was included as a "safety valve" exception to the doctrine, stating that "*Rooker-Feldman* does not apply to bar jurisdiction over a plaintiff's federal claim if she did not have a reasonable opportunity to raise her federal issues in the state courts." *Lopez v. Kubalanza*, No. 24 C 13340, 2025 WL 2306815, at *5 (N.D. Ill. Aug. 11, 2025) (citation omitted). Carter has not alleged any inability to litigate these claims in the state court proceeding, so this element is not at issue in this case.

[24-6]. This case was filed on November 4, 2025. [1]. This fulfills the first two elements of *Rooker-Feldman*.

Carter argues that consideration of the state case "invites this Court to revisit the state-court record" in a manner that is not permitted under Fed. R. Civ. P. 12, and that *Rooker-Feldman* is disclaimed in the complaint. [26] at 2-3. Carter further contends that for *Rooker-Feldman*, the "relevant inquiry is what caused the injury, not when the federal case was filed." *Id.* at 3.

Parties may never waive or disclaim subject-matter jurisdiction so Carter's assertion that *Rooker-Feldman* is disclaimed in the Complaint is of no import. And while analysis of a 12(b)(1) claim is often limited to the face of the complaint, the factual 12(b)(1) claims alleged in a *Rooker-Feldman* matter permit the Court to look beyond the face of the complaint to resolve factual disputes that implicate the Court's limited subject-matter jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). That is why the Court has taken official notice of the record from the state case and may properly rely on those facts in this decision.

The third element of a *Rooker-Feldman* analysis is whether the state court judgment was the cause of the alleged injury. Carter states that his injuries "exist independent of the state-court judgment," as the cause of his harm was "post-judgment chargeback and verification conduct." [43] at 4. In the alternative, Carter argues that "where the alleged injury arises from later data furnishing and verification decisions, *Rooker-Feldman* does not apply as a matter of law." [46] at 2. Defendants assert that Carter's injuries were caused by the judgment, as Carter

alleged that "after the judgment's entry, his disputes were replaced by a negative credit report." [49] at 3.

Carter's primary allegation is that Defendants conspired together to use false and deceptive means to collect a debt. *See generally* [1]. Carter states that "as a result of Defendants fabricated documents and misrepresentations, Plaintiff suffered adverse legal, reputational, and credit consequences," one of which was a "state-court judgment based on inaccurate information." [1] ¶28. Carter specifically states that the complaint does not seek to "undo, overturn, or appeal" the state-court, but addresses matters that occurred "before, during, and after" the state-court proceeding. *Id.* ¶29. Taking Carter's complaint as true, the injuries alleged in the complaint were the result of the state court judgment—the alleged fraudulent behavior occurred during the state court proceeding under the nose of the state court judge. The state court judgment against Carter led to this case. The third prong of Rooker-Feldman is satisfied.

The fourth element of *Rooker-Feldman* asks whether the claim invites this Court to review and reject the state court judgment. Carter states that it does not, as the Complaint makes no request for an overturning of the state court's judgment. [1] ¶28. Defendants argue that Carter attacks "the judgment and the evidence that undergirded the trial court's judgment" by pleading that "fabricated documents and misrepresentations" by Defendants during the state court proceeding led to "the appearance of a state-court judgment based on inaccurate information." [24] at 9. Defendant TRAK notes further that Carter's claims "amount to an attack on the

validity of the BANA account- the very issue decided against him in the [state case]." [37] at 2.

This element requires the Court to review the state case, in which the judge found that "any testimony with respect to the commission of fraud by . . . any employee at Blitt & Gaines or Bank of America is found to be not credible." [24-6]. The judge then entered judgment against Carter, finding that he owed BANA $7599.65 plus costs. For this Court to begin to consider Carter's claims, it would have to review the state judge's finding that the claims of fraud and conspiracy were not credible. This action is explicitly forbidden by the *Rooker-Feldman* doctrine. To find for Carter in this matter would mean the Court reversing the judgment of the state court. Therefore, this case is beyond the subject-matter jurisdiction of this Court under *Rooker-Feldman.*

When the *Rooker-Feldman* doctrine applies, the Court must dismiss the case without prejudice, as a dismissal with prejudice is "a disposition on the merits, which only a court with jurisdiction may render." *Mains v. Citibank, N.A.,* 852 F.3d 669, 678 (7th Cir. 2017) (citation omitted).

## IV. Conclusion

For the stated reasons, Defendants' Motions to Dismiss [24][33] are granted. Plaintiff's case is dismissed. Civil case terminated. Judgment to enter.

E N T E R:

Dated: September 17, 2026

MARY M. ROWLAND
United States District Judge