FILED
10/18/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:25-CV-13520

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>Defendants | Case No.: 1:25-cv-13520<br><br>Judge Mary M. Rowland |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS PENDING RULE 59(e) MOTION**

Plaintiff Calvin Carter, proceeding pro se, respectfully moves for leave to file a limited supplemental memorandum in support of his September 21, 2026 Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), and, in the Alternative, for Leave to File a First Amended Complaint.

In support of this motion, Plaintiff states as follows:

1. On September 17, 2026, this Court entered an Order dismissing Plaintiff's action for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. Dkt. 51. Judgment was entered on September 18, 2026. Dkt. 52.

2. On September 21, 2026, Plaintiff timely filed a Rule 59(e) motion arguing, among other things, that the Court's jurisdictional analysis did not separately address his alleged independent federal statutory injuries and that consideration of those claims would not necessarily require review and rejection of the underlying state-court judgment.
3. On October 15, 2026, after Plaintiff filed his Rule 59(e) motion, the Illinois Appellate Court, First District, issued its decision in Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, affirming the underlying state-court judgment. A copy of that order is attached as Exhibit A.
4. Although the appellate court affirmed the judgment, it also addressed the scope of Plaintiff's Rule 280.5 affidavit and expressly determined that the affidavit did not dispute the original debt forming the basis of Bank of America's collection claim. Id. ¶¶ 23–24.
5. The appellate court's description bears on the characterization of Plaintiff's allegations in this Court's September 17, 2026 dismissal order, including the discussion of the original account opening and the conclusion that Plaintiff's federal claims necessarily implicate the state-court judgment.
6. Plaintiff does not contend that the appellate decision establishes liability, invalidates the state judgment, or conclusively resolves his federal statutory claims. Nor does Plaintiff ask this Court to exercise appellate review over the Illinois courts.
7. Instead, Plaintiff seeks to bring this subsequent judicial development to the Court's attention because it bears on the source-of-injury and review-and-rejection arguments already presented in Sections II through IV of his pending Rule 59(e) motion.

8. The proposed supplemental memorandum does not seek to replace the pending motion, introduce a separate cause of action, or expand the relief previously requested. It addresses the significance of the newly issued state appellate order in relation to the existing jurisdictional arguments.
9. Because the Illinois Appellate Court issued its decision after Plaintiff filed the Rule 59(e) motion, Plaintiff could not have addressed that decision in his original filing.
10. Plaintiff respectfully requests that the Court exercise its discretion to permit the limited supplementation. The proposed Supplemental Memorandum is attached as Exhibit B.

**WHEREFORE**

Plaintiff respectfully requests that this Court:

A. Grant Plaintiff leave to file the attached Supplemental Memorandum in Support of his pending Rule 59(e) Motion;

B. Consider the October 15, 2026 Illinois Appellate Court order for the limited purposes addressed in the Supplemental Memorandum; and

C. Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Calvin Carter

Calvin Carter, Pro Se

5006 S. Blackstone Ave., Apt. 104

Chicago, IL 60615

calvincarter2026@gmail.com

312-342-1329

Dated: October 18, 2026