FILED
10/18/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:25-CV-13520

EXHIBIT A
Illinois Appellate Court Order
Bank of America, N.A. v. Carter
2026 IL App (1st) 251406-U
October 15, 2026

2026 IL App (1st) 251406-U
No. 1-25-1406
Order filed October 15, 2026
Fourth Division

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

---

BANK OF AMERICA, N.A.,
Plaintiff-Appellee,

v.

CALVIN CARTER,
Defendant-Appellant

Appeal from the Circuit Court of This County.
No. 2023M1109810
The Honorable John Allegretti, Judge, Presiding.

---

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Lyle and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1 *Held*: (1) The trial court properly struck Carter's Rule 280.5 affidavit because the affidavit did not dispute the balance underlying the action. (2) The trial court did not err by denying Carter's motion for substitution of judge. (3) Bank of America met its burden of proof at trial. Affirmed.

¶ 2 Bank of America sued Calvin Carter over unpaid credit card debt. Carter filed an identity-theft affidavit under Illinois Supreme Court Rule 280.5 (eff. Jan. 1, 2022), alleging that the alleged debt was based on unauthorized post-charge-off activity. The trial court struck the affidavit and, after trial, entered judgment for the bank. Carter appealed, and we affirm.

¶ 3 I. BACKGROUND

¶ 4 Bank of America (the Bank) filed a collection action against Carter, alleging that Carter owed $7,599.65 on a credit-card account. The Bank's affidavit under Illinois Supreme Court Rule 280.2 (eff. Nov. 1, 2019) stated that the account was opened on February 5, 2016, the last payment was made on February 12, 2022, and the account was closed on October 31, 2022, with that balance remaining.

¶ 5 On October 23, 2024, Carter filed identity-theft affidavits under Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018). In the affidavits, Carter asserted that certain events occurring after the account closure, including communications related to debt-validation disputes and claim activity, were connected to what Carter described as identity-theft related issues. The affidavits stated that Carter's identity was stolen on September 28, 2019, and named individuals associated with the Bank's counsel as involved in the alleged identity-theft activity.

¶ 6 On December 5, 2024, the Bank moved to strike Carter's affidavit, arguing it did not allege identity theft within the meaning of Rule 280.5. According to the Bank, Carter's claimed identity theft occurred nearly a year after the account was opened and closed, and the individuals named in the affidavit were linked to only correspondence and had no connection to the account's opening and closing period. The Bank also presented evidence, including references to a telephone call, in which Carter acknowledged opening the account. On April 29, 2025, the trial court granted the Bank's motion to strike.

¶ 7 The case proceeded through additional motions including a motion for substitution of judge filed by Carter, which the court denied. The matter ultimately went to a bench trial. The Bank pursued an account-stated theory, relying on the final billing statement showing the amount owed

and asserting that Carter had not presented sufficient evidence to contradict the stated balance. The trial court entered judgment for the Bank for $7,599.65 and costs of $458.21.

¶ 8 After trial, a certified bystander report was prepared. Both parties had submitted proposed reports, and the trial court adopted the Bank's report as an accurate account of the proceedings.

¶ 9 On July 23, 2025, Carter appealed the trial court's judgment.

¶ 10 II. MOTION TAKEN WITH CASE

¶ 11 While the appeal was pending, Carter filed in this court a motion to correct or supplement the record. The motion challenges the completeness and accuracy of the certified bystander's report, arguing that it omits pretrial hearings and includes statements never made in court. Carter also contends that the Bank previously opposed expanding the record and disputed which version governed review. Carter filed his own uncertified bystander's report with his motion and asks this court to adopt it. The Bank responds that the record is limited because Carter did not request reports for earlier motion hearings and that the report accurately reflects the trial proceedings. We must therefore decide whether these disputes affect the scope of review or the trial court's findings. Decisions to correct, modify, or settle the appellate record are within the trial court's discretion and will be reversed only for an abuse of discretion. *Court of Northbrook Condominium Ass'n v. Bhutani*, 2014 IL App (1st) 130417, ¶ 38.

¶ 12 Illinois Supreme Court Rule 323(c) (eff. July 1, 2017) establishes a multistep process for preparing a bystander's report when no verbatim transcript of the evidence or proceedings is available. *Id.* Within 28 days after filing the notice of appeal, the appellant must serve the proposed report on all parties who may propose amendments or corrections. *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 12. The trial court must then promptly settle, certify, and order the report filed, holding hearings if necessary. Ill. S. Ct. R. 323 (eff. July 1, 2017). Once certified, the report

is presumed true and correct. Subsequent disputes over the accuracy or completeness of the certified record are governed by the Illinois Supreme Court Rule 329 (eff. July 1, 2017).

¶ 13 A reviewing court should presume that a certified bystander's report is materially complete on the matters it addresses because both parties participate in its preparation. *People v. Majka*, 365 Ill. App. 3d 362, 368 (2006). The appellant bears the burden of providing a record sufficient to support a claim of error; absent such a record, the trial court's order is presumed lawful and factually supported. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any uncertainty caused by an incomplete record is resolved against the appellant. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307 ¶ 30.

¶ 14 Although the certified bystander's report does not include the hearing on the Bank's motion to strike Carter's Rule 280.5 affidavit, the absence of a report of proceedings does not necessarily preclude review. Whether the record is sufficiently complete depends upon the particular claim of the error raised on appeal. See *Foutch*, 99 Ill. 2d at 391-92. Where the issue presents a question of law and the record contains the documents necessary to resolve that issue, a transcript of the proceedings may not be necessary.

¶ 15 We acknowledge that the certified bystander's report does not include the hearing on the Bank's motion to strike Carter's Rule 280.5 affidavit. However, that omission does not preclude our review of Carter's contention that the trial court erred in striking the affidavit because the common-law record contains the affidavit, the Bank's motion to strike, and the trial court's written order granting the motion. We therefore consider Carter's argument based upon the record before us.

¶ 16 To the extent Carter's arguments depend upon matters that allegedly occurred during the proceedings not contained in the certified bystander's report, however, those matters are not

established by the record before us. As the appellant, Carter bears the burden of presenting a sufficiently complete record to support his claims of error, and any doubts arising from an incomplete record are resolved against him. Moreover, absent a stipulation, Rule 323(c) provides that the report of proceedings settled and certified by the trial court is the report included in the record on appeal. Ill. S. Ct. R. 323(c). Accordingly, Carter's assertions concerning proceedings omitted from the certified report cannot, standing alone, establish reversible error.

¶ 17 Carter's motion to supplement the record is denied. The trial court did not abuse its discretion by certifying the bystander's report pursuant to Rule 323(c). After reviewing both parties' proposed bystander's reports, the trial court certified the Bank's report as the accurate account of proceedings. Carter now seeks to displace that certification with a self-verified report the trial court previously rejected as unreliable. Because Rule 329 allows corrections only based on material actually before the trial court, and Carter's rejected report was never accepted into the record, he cannot use this motion to add new or conflicting material. Although Carter argues that the report omits some pretrial matters and hearing statements, the Bank's report identifies the issues raised on appeal and provides a sufficient basis for review. Any omissions do not prejudice this court's ability to evaluate Carter's claims. Accordingly, Carter's motion is denied.

¶ 18 III. ANALYSIS

¶ 19 This appeal concerns whether the trial court properly struck Carter's Rule 280.5 identity-theft affidavit, denied his motion for substitution of judge, and entered a judgment supported by the evidence under an account-stated theory.

¶ 20 A. Rule 280.5

¶ 21 This appeal first requires the Court to determine whether the trial court properly addressed Carter's identity-theft affidavit filed under Rule 280.5. That filing triggers mandatory procedures

governing a credit-card creditor's response before the case may proceed. The parties dispute whether the Bank's motion to strike complied with the rule and whether Carter's affidavit alleged identity theft as contemplated by Rule 280.5. We review *de novo* the trial court's ruling on the Bank's motion to strike Carter's affidavit. See *Jackson v. Graham*, 323 Ill. App. 3d 766, 774 (2001).

¶ 22 Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018), "Identity Theft Relating to Credit Card or Debt Buyer Collection Actions," establishes a procedure for defendants who claim identity theft. The defendant must serve the plaintiff with two affidavits using two different forms, one approved by the attorney general and the other approved by the Illinois Supreme Court. *Id.* Within 90 days, the plaintiff or court must dismiss the case unless the plaintiff files an affidavit showing that the defendant was not an identity-theft victim and is responsible for the debt. *Id.* The Illinois Civil Litigation Guide explains that the rule provides a way to resolve collection cases involving identity-theft claims. 4A Illinois Civil Lit. Guide § 10:24.

¶ 23 A motion to strike challenges the form or admissibility of a filing; it is not a sworn statement of facts. 735 ILCS 5/2-615 (West 2024). Rule 280.5 requires a plaintiff to affirmatively state under oath facts showing that the defendant is not a victim of identity theft and is responsible for the debt. Because a motion to strike does not place sworn factual allegations on the record, it does not satisfy that requirement. However, Carter's Rule 280.5 affidavit also failed to claim identity theft concerning the debt at issue—the $7,599.65 that the Bank sought to collect.

¶ 24 The record shows that Carter's Rule 280.5 affidavit alleged identity theft only after the account had been opened, used, and closed. The first affidavit Carter filed did not dispute the specific debt the Bank sought to collect and left blank the sections of the "Fraudulent Account Statement" requesting the creditor's identity, the disputed account number, and the amount at issue.

Because the affidavit did not challenge the validity of the debt, it did not satisfy the purpose or scope of Rule 280.5. Although a motion to strike is not the type of rebuttal affidavit contemplated by the rule, the affidavit nevertheless fell outside the rule's scope because it did not contest the underlying original debt. Accordingly, the trial court did not commit reversible error by granting the motion to strike.

¶ 25 B. Substitution of Judge

¶ 26 Carter next argues that the trial court improperly denied his motion to substitute the judge by mischaracterizing the request as untimely, asserting that the court wrongly treated the substitution motion as coming after a substantial ruling, even though the underlying motion concerned his ability to defend against ongoing identity theft issues. He maintains that the judge's actions effectively silenced his efforts to challenge what he identifies as ongoing identity theft and procedural abuse. Carter further contends that under section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001 (West 2024)), he properly invoked two statutory bases for substitution, substitution as of right and substitution for cause. He asserts that he satisfied the requirements for substitution as of right because the motion was filed before the judge ruled on any substantial issue, and separately, that the substitution for cause was warranted because of the circumstances necessitated a verified petition detailing specific grounds for relief.

¶ 27 In civil cases, section 2-1001 identifies four distinct grounds for substituting a judge: judge involvement, substitution as of right, substitution for cause, and certain contempt proceedings. Carter invokes two of these statutory bases, substitution as of right and substitution for cause. Under the statute, each party is entitled to one substitution of judge without cause as an absolute matter of right, provided the motion is filed before the trial or hearing begins and before the judge has ruled on any substantial issue in the case. *Id.* By contrast, substitution for cause, which is

unlimited in number, requires the party to file a verified petition, setting forth the specific cause for substitution of judge. *Id.*

¶ 28 Here, Carter filed his motion to dismiss under Rule 280.5 and section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2024)) on May 2, 2025. The trial court subsequently deemed his request for evidentiary hearing moot and struck his Rule 280.5 motion to dismiss. Carter later filed his motion for substitution of judge for cause on May 28, 2025, arguing that the judge's May 2 ruling did not constitute a substantive decision and that the Bank failed to file the affidavit required by Rule 280.5. He maintains that on April 29, 2025, the trial court did not address his previously filed motion to dismiss for lack of standing and fraud, instead prioritizing the Bank's motion to strike Rule 280.5 affidavit, conduct characterized as judicial bias. However, because Carter sought substitution only after the judge had already issued a substantive ruling, he was not entitled to substitution as of right under section 2-1001.

¶ 29 C. Account Stated

¶ 30 Now we will consider the Bank's claim under the account-stated theory. This doctrine, distinct from the evidentiary requirements of Rule 280.5, evaluates whether the parties' course of dealing gives rise to an agreement regarding the balance due.

¶ 31 Generally, an "account stated" is an agreement between parties who have had previous transactions that the balance outstanding for those transactions is true, correct, due, and owing. *Lieberman v. Stollman*, 230 Ill. App. 3d 203, 207 (1991). The account stated must demonstrate the mutual assent of both creditor and debtor. *Toth v. Mansell*, 207 Ill. App. 3d 665, 672 (1990). When one party renders a statement of account to another, and the party obtains it and does not object to it, an account stated is established. *Id.*

¶ 32 Here, the record demonstrates that the Bank provided periodic statements reflecting the balance due on the credit card account, and Carter did not dispute these mailed statements while the account was active. The record further reflects that Carter admitted to opening the account which establishes the formation of the debtor-creditor relationship. Accordingly, we find that the Bank met its burden under the account-stated theory.

¶ 33 For the reasons stated, the trial court correctly determined that Carter's Rule 280.5 affidavit did not dispute the $7,599.65 balance forming from the Bank's claim and therefore acted within its discretion in striking the affidavit. Having found no basis for reversal, the judgment of the trial court is affirmed.

¶ 34 IV. CONCLUSION

¶ 35 For the reasons stated, we affirm the judgment of the trial court.

¶ 36 Affirmed.