Exhibit B

FILED
10/18/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:25-CV-13520

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>Defendants | Case No.: 1:25-cv-13520<br><br>Judge Mary M. Rowland |

**PLAINTIFF'S PROPOSED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS PENDING RULE 59(e) MOTION**

Plaintiff Calvin Carter, proceeding pro se, respectfully submits this limited Supplemental Memorandum in support of his September 21, 2026 Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), and, in the Alternative, for Leave to File a First Amended Complaint.

On October 15, 2026, the Illinois Appellate Court issued its decision in Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, affirming the underlying collection judgment.

Although the appellate court affirmed that judgment, its discussion of Plaintiff's Rule 280.5 affidavit bears directly on the distinction raised in Sections II through IV of Plaintiff's pending

Rule 59(e) motion between the original debt adjudication and the independent statutory conduct challenged in this federal action.

Plaintiff does not seek reversal of the Illinois judgment. Nor does Plaintiff contend that the subsequent appellate decision establishes federal statutory liability. Rather, Plaintiff respectfully submits that the appellate court's characterization, considered together with the original affidavit already included in this Court's record, warrants consideration in determining whether the federal claims necessarily require review and rejection of the state judgment.

## I. THE ORIGINAL AFFIDAVIT IDENTIFIED DISPUTED CONDUCT OCCURRING YEARS AFTER THE ORIGINAL ACCOUNT OPENING

In its September 17, 2026 Order, this Court described Plaintiff's affidavit as alleging that Blitt & Gaines attorneys Barbara Nilsen and Karen Filippello fraudulently opened the original account. Dkt. 51 at 3.

The underlying affidavit, submitted by Defendants at Dkt. 24-2, warrants examination in its entirety.

The Illinois Supreme Court-approved Rule 280.5 form includes standardized language stating that the defendant did not create the debt and that someone used the defendant's identity to create it. Dkt. 24-2 at PageID 119.

Plaintiff acknowledges that he signed this form and that its standardized language can be read broadly.

However, the separate Illinois Attorney General Identity Theft Affidavit provides more specific allegations concerning the events Plaintiff was reporting.

At PageID 123, item 13, Plaintiff identified September 28, 2023, as the approximate date of the alleged theft of identification documents.

At item 14, Plaintiff identified Barbara Nilsen and Karen Filippello as individuals he believed had used his information without authorization.

Most significantly, Plaintiff's handwritten explanation at item 16 identified alleged unauthorized activity involving a refund dispute in September 2023 and an additional disputed credit-related entry in March 2024.

That handwritten explanation did not expressly allege that either attorney opened the original Bank of America credit-card account on February 5, 2016.

Additionally, the Fraudulent Account Statement at Dkt. 24-2, PageID 126, did not identify a newly opened fraudulent account, an opening date, or an amount attributed to such an account.

Plaintiff recognizes that the signed form contains broader standardized assertions. However, the specific handwritten explanation concerns alleged conduct occurring years after the original account was opened.

The distinction matters because a claim that individuals used information without authorization in 2023 or 2024 is not necessarily a claim that those individuals opened the original credit-card account in 2016.

Plaintiff respectfully submits that the affidavit should be considered as a whole, including the specific dates, handwritten allegations, standardized language, and incomplete account-identification sections.

## II. THE ILLINOIS APPELLATE COURT EXPRESSLY DISTINGUISHED THE ORIGINAL DEBT FROM THE ALLEGED LATER ACTIVITY

In its October 15, 2026 order, the Illinois Appellate Court addressed the scope of Plaintiff's affidavit and concluded:

*"The record shows that Carter's Rule 280.5 affidavit alleged identity theft only after the account had been opened, used, and closed." Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, ¶ 24.*

The appellate court also determined that the affidavit did not contest the original $7,599.65 debt forming the basis of Bank of America's collection action. Id.

This determination differs materially from a characterization that Plaintiff's allegations concerned the fraudulent opening of the original account by the named attorneys.

The appellate court did not find that Defendants committed fraud or that Plaintiff established unauthorized activity. Rather, it found that the affidavit did not challenge the underlying debt in the manner required for Rule 280.5 relief.

The court separately acknowledged that Bank of America's motion to strike was not the sworn rebuttal affidavit contemplated by Rule 280.5. Id. ¶ 23. Nevertheless, it affirmed the striking of Plaintiff's affidavit because it concluded that the affidavit fell outside the rule's scope. Id. ¶ 24.

The appellate court then affirmed the original debt judgment under the account-stated theory. Id. ¶¶ 29–32.

Plaintiff acknowledges these adverse determinations and does not seek federal review of their correctness.

Their significance here is limited but material: the appellate court distinguished the original debt adjudication from the alleged later conduct.

**III. THE DISTINCTION BEARS UPON THE COURT'S SOURCE-OF-INJURY AND REVIEW-AND-REJECTION ANALYSIS**

This Court concluded that considering Plaintiff's federal claims would require reviewing the state court's credibility determination and that finding for Plaintiff would necessarily reverse the state judgment. Dkt. 51 at 8.

Respectfully, the subsequent state appellate order, read alongside Dkt. 24-2, reinforces the distinction Plaintiff raised in his pending Rule 59(e) motion.

Plaintiff's preserved FCRA theory does not require a determination that the original credit-card account was fraudulently opened, that the original debt never existed, or that Bank of America was not entitled to the $7,599.65 judgment.

Rather, Plaintiff alleges that Bank of America's handling of Fraud Application Claim ID 230607G1A51F, related credit-reporting information, and subsequent consumer-reporting-agency disputes gave rise to independently actionable statutory conduct.

As detailed in Section II of Plaintiff's Rule 59(e) motion, the alleged FCRA conduct includes furnishing, investigation, and verification activity associated with Plaintiff's April 18, 2025 disputes, preceding the July 15, 2025 state judgment.

Determining whether Bank of America complied with 15 U.S.C. § 1681s-2(b), including whether it conducted a reasonable investigation following notice from consumer reporting agencies, does not necessarily require the Court to invalidate the underlying debt judgment.

The state appellate order did not decide the reasonableness of Bank of America's investigations under § 1681s-2(b), the accuracy of particular dispute-related credit information, or liability under the federal statutory provisions alleged here.

Plaintiff does not suggest that the absence of such findings establishes a federal violation. These remain matters subject to the applicable pleading requirements, proof, and defenses.

Defendant Blitt & Gaines argued that the state-court judgment established the reasonableness of Bank of America's investigations. Dkt. 49 at 2. Respectfully, a judgment establishing liability for the underlying debt does not, by itself, establish compliance with the independent investigation duties imposed by 15 U.S.C. § 1681s-2(b). The Illinois Appellate Court's subsequent determination that Plaintiff's Rule 280.5 affidavit did not contest the original debt further supports distinguishing the debt adjudication from the later alleged statutory conduct. Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, ¶ 24. Plaintiff submits that this distinction bears on the source-of-injury and review-and-rejection requirements of Rooker–Feldman.

The Seventh Circuit has emphasized that Rooker-Feldman is narrow and that a federal claim is not necessarily barred merely because it concerns facts previously considered in state proceedings. Gilbank v. Wood County Department of Human Services, 111 F.4th 754, 765–67, 792–95 (7th Cir. 2024) (en banc).

Plaintiff's requested relief, as narrowed in his pending Rule 59(e) motion and proposed First Amended Complaint, would leave the state judgment valid and enforceable.

Accordingly, Plaintiff respectfully submits that the original affidavit's specific allegations and the state appellate court's subsequent characterization warrant consideration when determining whether Plaintiff's independently alleged federal statutory injuries necessarily derive from the state judgment.

## IV. THE SUPPLEMENT SUPPORTS THE RELIEF ALREADY REQUESTED

This Supplemental Memorandum does not assert a new cause of action, seek to introduce a new jurisdictional theory, or request additional relief.

The original affidavit at Dkt. 24-2 was already before this Court when it entered its September 17, 2026 Order.

The Illinois Appellate Court's October 15, 2026 order was issued after Plaintiff filed his September 21 Rule 59(e) motion. Plaintiff offers that subsequent judicial determination as additional context bearing upon the arguments already presented.

Plaintiff does not characterize the appellate order as newly discovered evidence establishing that Defendants committed wrongdoing.

Instead, Plaintiff respectfully requests that the Court consider its characterization of the underlying dispute together with the original affidavit in determining whether the September 17 jurisdictional dismissal should be reconsidered.

Alternatively, Plaintiff maintains his request for leave to file the proposed First Amended Complaint, which expressly separates the alleged independent federal statutory conduct from the validity or enforceability of the original debt judgment.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court consider the Illinois Appellate Court's October 15, 2026 order and the specific allegations reflected in Dkt. 24-2 when resolving his pending September 21, 2026 Rule 59(e) motion.

Plaintiff maintains that adjudication of independently actionable furnishing, investigation, verification, and debt-collection conduct would not necessarily require reversal or modification of the state-court judgment.

Plaintiff therefore respectfully requests that the Court grant the relief sought in the pending Rule 59(e) motion or, alternatively, grant leave to file the proposed First Amended Complaint.

Respectfully submitted,

/s/ Calvin Carter

Calvin Carter, Pro Se

5006 S. Blackstone Ave., Apt. 104

Chicago, IL 60615

calvincarter2026@gmail.com

312-342-1329

Dated: October 18, 2026