FILED
11/01/2026
THOMAS G BRUTON
CLERK, U.S. DISTRICT COURT
BC

Case No: 1:25-CV-13520

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CALVIN CARTER<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. AND<br><br>DATASEARCH NY INC D/B/A TRAKAMERICA AND<br><br>BLITT AND GAINES, P.C.,<br><br>Defendants | Case No.: 1:25-cv-13520<br><br>Judge Mary M. Rowland |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PENDING RULE 59(e) MOTION**

Plaintiff Calvin Carter, proceeding pro se, respectfully submits this limited Supplemental Memorandum in support of his September 21, 2026 Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), and, in the Alternative, for Leave to File a First Amended Complaint.

On October 15, 2026, the Illinois Appellate Court issued its decision in Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, affirming the underlying collection judgment. See Exhibit A.

Although the appellate court affirmed that judgment, its discussion of Plaintiff's Rule 280.5 affidavit bears directly on the distinction raised in Sections II through IV of Plaintiff's pending

Rule 59(e) motion between the original debt adjudication and the independent statutory conduct challenged in this federal action.

Plaintiff does not seek reversal of the Illinois judgment. Nor does Plaintiff contend that the subsequent appellate decision establishes federal statutory liability. Rather, Plaintiff respectfully submits that the appellate court's characterization, considered together with the original affidavit already included in this Court's record, warrants consideration in determining whether the federal claims necessarily require review and rejection of the state judgment.

## I. THE ORIGINAL AFFIDAVIT IDENTIFIED DISPUTED CONDUCT OCCURRING YEARS AFTER THE ORIGINAL ACCOUNT OPENING

In its September 17, 2026 Order, this Court described Plaintiff's affidavit as alleging that Blitt & Gaines attorneys Barbara Nilsen and Karen Filippello fraudulently opened the original account. Dkt. 51 at 3.

The underlying affidavit, submitted by Defendants at Dkt. 24-2, warrants examination in its entirety.

The Illinois Supreme Court-approved Rule 280.5 form includes standardized language stating that the defendant did not create the debt and that someone used the defendant's identity to create it. Dkt. 24-2 at PageID 119.

Plaintiff acknowledges that he signed this form and that its standardized language can be read broadly.

However, the separate Illinois Attorney General Identity Theft Affidavit provides more specific allegations concerning the events Plaintiff was reporting.

At PageID 123, item 13, Plaintiff identified September 28, 2023, as the approximate date of the alleged theft of identification documents.

At item 14, Plaintiff identified Barbara Nilsen and Karen Filippello as individuals he believed had used his information without authorization.

Most significantly, Plaintiff's handwritten explanation at item 16 identified alleged unauthorized activity involving a refund dispute in September 2023 and an additional disputed credit-related entry in March 2024.

That handwritten explanation did not expressly allege that either attorney opened the original Bank of America credit-card account on February 5, 2016.

Additionally, the Fraudulent Account Statement at Dkt. 24-2, PageID 126, did not identify a newly opened fraudulent account, an opening date, or an amount attributed to such an account.

Plaintiff recognizes that the signed form contains broader standardized assertions. However, the specific handwritten explanation concerns alleged conduct occurring years after the original account was opened.

The distinction matters because a claim that individuals used information without authorization in 2023 or 2024 is not necessarily a claim that those individuals opened the original credit-card account in 2016.

Plaintiff respectfully submits that the affidavit should be considered as a whole, including the specific dates, handwritten allegations, standardized language, and incomplete account-identification sections.

## II. THE ILLINOIS APPELLATE COURT EXPRESSLY DISTINGUISHED THE ORIGINAL DEBT FROM THE ALLEGED LATER ACTIVITY

In its October 15, 2026 order, the Illinois Appellate Court addressed the scope of Plaintiff's affidavit and concluded:

*"The record shows that Carter's Rule 280.5 affidavit alleged identity theft only after the account had been opened, used, and closed." Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, ¶ 24.*

The appellate court also determined that the affidavit did not contest the original $7,599.65 debt forming the basis of Bank of America's collection action. Id.

This determination differs materially from a characterization that Plaintiff's allegations concerned the fraudulent opening of the original account by the named attorneys.

The appellate court did not find that Defendants committed fraud or that Plaintiff established unauthorized activity. Rather, it found that the affidavit did not challenge the underlying debt in the manner required for Rule 280.5 relief.

The court separately acknowledged that Bank of America's motion to strike was not the sworn rebuttal affidavit contemplated by Rule 280.5. Id. ¶ 23. Nevertheless, it affirmed the striking of Plaintiff's affidavit because it concluded that the affidavit fell outside the rule's scope. Id. ¶ 24.

The appellate court then affirmed the original debt judgment under the account-stated theory. Id. ¶¶ 29–32.

Plaintiff acknowledges these adverse determinations and does not seek federal review of their correctness.

Their significance here is limited but material: the appellate court distinguished the original debt adjudication from the alleged later conduct.

## III. THE DISTINCTION BEARS UPON THE COURT'S SOURCE-OF-INJURY AND REVIEW-AND-REJECTION ANALYSIS

This Court concluded that considering Plaintiff's federal claims would require reviewing the state court's credibility determination and that finding for Plaintiff would necessarily reverse the state judgment. Dkt. 51 at 8.

Respectfully, the subsequent state appellate order, read alongside Dkt. 24-2, reinforces the distinction Plaintiff raised in his pending Rule 59(e) motion.

Plaintiff's preserved FCRA theory does not require a determination that the original credit-card account was fraudulently opened, that the original debt never existed, or that Bank of America was not entitled to the $7,599.65 judgment.

Rather, Plaintiff alleges that Bank of America's handling of Fraud Application Claim ID 230607G1A51F, related credit-reporting information, and subsequent consumer-reporting-agency disputes gave rise to independently actionable statutory conduct.

As detailed in Section II of Plaintiff's Rule 59(e) motion, the alleged FCRA conduct includes furnishing, investigation, and verification activity associated with Plaintiff's April 18, 2025 disputes, preceding the July 15, 2025 state judgment.

Determining whether Bank of America complied with 15 U.S.C. § 1681s-2(b), including whether it conducted a reasonable investigation following notice from consumer reporting agencies, does not necessarily require the Court to invalidate the underlying debt judgment.

The state appellate order did not decide the reasonableness of Bank of America's investigations under § 1681s-2(b), the accuracy of particular dispute-related credit information, or liability under the federal statutory provisions alleged here.

Plaintiff does not suggest that the absence of such findings establishes a federal violation. These remain matters subject to the applicable pleading requirements, proof, and defenses.

Defendant Blitt & Gaines argued that the state-court judgment established the reasonableness of Bank of America's investigations. Dkt. 49 at 2. Respectfully, a judgment establishing liability for the underlying debt does not, by itself, establish compliance with the independent investigation duties imposed by 15 U.S.C. § 1681s-2(b). The Illinois Appellate Court's subsequent determination that Plaintiff's Rule 280.5 affidavit did not contest the original debt further supports distinguishing the debt adjudication from the later alleged statutory conduct. Bank of America, N.A. v. Carter, 2026 IL App (1st) 251406-U, ¶ 24. Plaintiff submits that this distinction bears on the source-of-injury and review-and-rejection requirements of Rooker–Feldman.

The Seventh Circuit has emphasized that Rooker-Feldman is narrow and that a federal claim is not necessarily barred merely because it concerns facts previously considered in state proceedings. Gilbank v. Wood County Department of Human Services, 111 F.4th 754, 765–67, 792–95 (7th Cir. 2024) (en banc).

Plaintiff's requested relief, as narrowed in his pending Rule 59(e) motion and proposed First Amended Complaint, would leave the state judgment valid and enforceable.

Accordingly, Plaintiff respectfully submits that the original affidavit's specific allegations and the state appellate court's subsequent characterization warrant consideration when determining whether Plaintiff's independently alleged federal statutory injuries necessarily derive from the state judgment.

**IV. THE SUPPLEMENT SUPPORTS THE RELIEF ALREADY REQUESTED**

This Supplemental Memorandum does not assert a new cause of action, seek to introduce a new jurisdictional theory, or request additional relief.

The original affidavit at Dkt. 24-2 was already before this Court when it entered its September 17, 2026 Order.

The Illinois Appellate Court's October 15, 2026 order was issued after Plaintiff filed his September 21 Rule 59(e) motion. Plaintiff offers that subsequent judicial determination as additional context bearing upon the arguments already presented.

Plaintiff does not characterize the appellate order as newly discovered evidence establishing that Defendants committed wrongdoing.

Instead, Plaintiff respectfully requests that the Court consider its characterization of the underlying dispute together with the original affidavit in determining whether the September 17 jurisdictional dismissal should be reconsidered.

Alternatively, Plaintiff maintains his request for leave to file the proposed First Amended Complaint, which expressly separates the alleged independent federal statutory conduct from the validity or enforceability of the original debt judgment.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court consider the Illinois Appellate Court's October 15, 2026 order and the specific allegations reflected in Dkt. 24-2 when resolving his pending September 21, 2026 Rule 59(e) motion.

Plaintiff maintains that adjudication of independently actionable furnishing, investigation, verification, and debt-collection conduct would not necessarily require reversal or modification of the state-court judgment.

Plaintiff therefore respectfully requests that the Court grant the relief sought in the pending Rule 59(e) motion or, alternatively, grant leave to file the proposed First Amended Complaint.

Respectfully submitted,

/s/ Calvin Carter

Calvin Carter, Pro Se

5006 S. Blackstone Ave., Apt. 104

Chicago, IL 60615

calvincarter2026@gmail.com

312-342-1329

Dated: November 1, 2026

EXHIBIT A

Illinois Appellate Court Order

Bank of America, N.A. v. Carter

2026 IL App (1st) 251406-U

October 15, 2026

2026 IL App (1st) 251406-U
No. 1-25-1406
Order filed October 15, 2026
Fourth Division

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

---

BANK OF AMERICA, N.A.,
Plaintiff-Appellee,

v.

CALVIN CARTER,
Defendant-Appellant

Appeal from the Circuit Court of This County.
No. 2023M1109810
The Honorable John Allegretti, Judge, Presiding.

---

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Lyle and Justice Mitchell concurred in the judgment.

## ORDER

¶ 1 *Held*: (1) The trial court properly struck Carter's Rule 280.5 affidavit because the affidavit did not dispute the balance underlying the action. (2) The trial court did not err by denying Carter's motion for substitution of judge. (3) Bank of America met its burden of proof at trial. Affirmed.

¶ 2 Bank of America sued Calvin Carter over unpaid credit card debt. Carter filed an identity-theft affidavit under Illinois Supreme Court Rule 280.5 (eff. Jan. 1, 2022), alleging that the alleged debt was based on unauthorized post-charge-off activity. The trial court struck the affidavit and, after trial, entered judgment for the bank. Carter appealed, and we affirm.

¶ 3 I. BACKGROUND

¶ 4 Bank of America (the Bank) filed a collection action against Carter, alleging that Carter owed $7,599.65 on a credit-card account. The Bank's affidavit under Illinois Supreme Court Rule 280.2 (eff. Nov. 1, 2019) stated that the account was opened on February 5, 2016, the last payment was made on February 12, 2022, and the account was closed on October 31, 2022, with that balance remaining.

¶ 5 On October 23, 2024, Carter filed identity-theft affidavits under Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018). In the affidavits, Carter asserted that certain events occurring after the account closure, including communications related to debt-validation disputes and claim activity, were connected to what Carter described as identity-theft related issues. The affidavits stated that Carter's identity was stolen on September 28, 2019, and named individuals associated with the Bank's counsel as involved in the alleged identity-theft activity.

¶ 6 On December 5, 2024, the Bank moved to strike Carter's affidavit, arguing it did not allege identity theft within the meaning of Rule 280.5. According to the Bank, Carter's claimed identity theft occurred nearly a year after the account was opened and closed, and the individuals named in the affidavit were linked to only correspondence and had no connection to the account's opening and closing period. The Bank also presented evidence, including references to a telephone call, in which Carter acknowledged opening the account. On April 29, 2025, the trial court granted the Bank's motion to strike.

¶ 7 The case proceeded through additional motions including a motion for substitution of judge filed by Carter, which the court denied. The matter ultimately went to a bench trial. The Bank pursued an account-stated theory, relying on the final billing statement showing the amount owed

and asserting that Carter had not presented sufficient evidence to contradict the stated balance. The trial court entered judgment for the Bank for $7,599.65 and costs of $458.21.

¶ 8 After trial, a certified bystander report was prepared. Both parties had submitted proposed reports, and the trial court adopted the Bank's report as an accurate account of the proceedings.

¶ 9 On July 23, 2025, Carter appealed the trial court's judgment.

¶ 10 II. MOTION TAKEN WITH CASE

¶ 11 While the appeal was pending, Carter filed in this court a motion to correct or supplement the record. The motion challenges the completeness and accuracy of the certified bystander's report, arguing that it omits pretrial hearings and includes statements never made in court. Carter also contends that the Bank previously opposed expanding the record and disputed which version governed review. Carter filed his own uncertified bystander's report with his motion and asks this court to adopt it. The Bank responds that the record is limited because Carter did not request reports for earlier motion hearings and that the report accurately reflects the trial proceedings. We must therefore decide whether these disputes affect the scope of review or the trial court's findings. Decisions to correct, modify, or settle the appellate record are within the trial court's discretion and will be reversed only for an abuse of discretion. *Court of Northbrook Condominium Ass'n v. Bhutani*, 2014 IL App (1st) 130417, ¶ 38.

¶ 12 Illinois Supreme Court Rule 323(c) (eff. July 1, 2017) establishes a multistep process for preparing a bystander's report when no verbatim transcript of the evidence or proceedings is available. *Id.* Within 28 days after filing the notice of appeal, the appellant must serve the proposed report on all parties who may propose amendments or corrections. *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 12. The trial court must then promptly settle, certify, and order the report filed, holding hearings if necessary. Ill. S. Ct. R. 323 (eff. July 1, 2017). Once certified, the report

is presumed true and correct. Subsequent disputes over the accuracy or completeness of the certified record are governed by the Illinois Supreme Court Rule 329 (eff. July 1, 2017).

¶ 13 A reviewing court should presume that a certified bystander's report is materially complete on the matters it addresses because both parties participate in its preparation. *People v. Majka*, 365 Ill. App. 3d 362, 368 (2006). The appellant bears the burden of providing a record sufficient to support a claim of error; absent such a record, the trial court's order is presumed lawful and factually supported. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any uncertainty caused by an incomplete record is resolved against the appellant. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307 ¶ 30.

¶ 14 Although the certified bystander's report does not include the hearing on the Bank's motion to strike Carter's Rule 280.5 affidavit, the absence of a report of proceedings does not necessarily preclude review. Whether the record is sufficiently complete depends upon the particular claim of the error raised on appeal. See *Foutch*, 99 Ill. 2d at 391-92. Where the issue presents a question of law and the record contains the documents necessary to resolve that issue, a transcript of the proceedings may not be necessary.

¶ 15 We acknowledge that the certified bystander's report does not include the hearing on the Bank's motion to strike Carter's Rule 280.5 affidavit. However, that omission does not preclude our review of Carter's contention that the trial court erred in striking the affidavit because the common-law record contains the affidavit, the Bank's motion to strike, and the trial court's written order granting the motion. We therefore consider Carter's argument based upon the record before us.

¶ 16 To the extent Carter's arguments depend upon matters that allegedly occurred during the proceedings not contained in the certified bystander's report, however, those matters are not

established by the record before us. As the appellant, Carter bears the burden of presenting a sufficiently complete record to support his claims of error, and any doubts arising from an incomplete record are resolved against him. Moreover, absent a stipulation, Rule 323(c) provides that the report of proceedings settled and certified by the trial court is the report included in the record on appeal. Ill. S. Ct. R. 323(c). Accordingly, Carter's assertions concerning proceedings omitted from the certified report cannot, standing alone, establish reversible error.

¶ 17 Carter's motion to supplement the record is denied. The trial court did not abuse its discretion by certifying the bystander's report pursuant to Rule 323(c). After reviewing both parties' proposed bystander's reports, the trial court certified the Bank's report as the accurate account of proceedings. Carter now seeks to displace that certification with a self-verified report the trial court previously rejected as unreliable. Because Rule 329 allows corrections only based on material actually before the trial court, and Carter's rejected report was never accepted into the record, he cannot use this motion to add new or conflicting material. Although Carter argues that the report omits some pretrial matters and hearing statements, the Bank's report identifies the issues raised on appeal and provides a sufficient basis for review. Any omissions do not prejudice this court's ability to evaluate Carter's claims. Accordingly, Carter's motion is denied.

¶ 18 III. ANALYSIS

¶ 19 This appeal concerns whether the trial court properly struck Carter's Rule 280.5 identity-theft affidavit, denied his motion for substitution of judge, and entered a judgment supported by the evidence under an account-stated theory.

¶ 20 A. Rule 280.5

¶ 21 This appeal first requires the Court to determine whether the trial court properly addressed Carter's identity-theft affidavit filed under Rule 280.5. That filing triggers mandatory procedures

governing a credit-card creditor's response before the case may proceed. The parties dispute whether the Bank's motion to strike complied with the rule and whether Carter's affidavit alleged identity theft as contemplated by Rule 280.5. We review *de novo* the trial court's ruling on the Bank's motion to strike Carter's affidavit. See *Jackson v. Graham*, 323 Ill. App. 3d 766, 774 (2001).

¶ 22 Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018), "Identity Theft Relating to Credit Card or Debt Buyer Collection Actions," establishes a procedure for defendants who claim identity theft. The defendant must serve the plaintiff with two affidavits using two different forms, one approved by the attorney general and the other approved by the Illinois Supreme Court. *Id.* Within 90 days, the plaintiff or court must dismiss the case unless the plaintiff files an affidavit showing that the defendant was not an identity-theft victim and is responsible for the debt. *Id.* The Illinois Civil Litigation Guide explains that the rule provides a way to resolve collection cases involving identity-theft claims. 4A Illinois Civil Lit. Guide § 10:24.

¶ 23 A motion to strike challenges the form or admissibility of a filing; it is not a sworn statement of facts. 735 ILCS 5/2-615 (West 2024). Rule 280.5 requires a plaintiff to affirmatively state under oath facts showing that the defendant is not a victim of identity theft and is responsible for the debt. Because a motion to strike does not place sworn factual allegations on the record, it does not satisfy that requirement. However, Carter's Rule 280.5 affidavit also failed to claim identity theft concerning the debt at issue—the $7,599.65 that the Bank sought to collect.

¶ 24 The record shows that Carter's Rule 280.5 affidavit alleged identity theft only after the account had been opened, used, and closed. The first affidavit Carter filed did not dispute the specific debt the Bank sought to collect and left blank the sections of the "Fraudulent Account Statement" requesting the creditor's identity, the disputed account number, and the amount at issue.

Because the affidavit did not challenge the validity of the debt, it did not satisfy the purpose or scope of Rule 280.5. Although a motion to strike is not the type of rebuttal affidavit contemplated by the rule, the affidavit nevertheless fell outside the rule's scope because it did not contest the underlying original debt. Accordingly, the trial court did not commit reversible error by granting the motion to strike.

¶ 25 B. Substitution of Judge

¶ 26 Carter next argues that the trial court improperly denied his motion to substitute the judge by mischaracterizing the request as untimely, asserting that the court wrongly treated the substitution motion as coming after a substantial ruling, even though the underlying motion concerned his ability to defend against ongoing identity theft issues. He maintains that the judge's actions effectively silenced his efforts to challenge what he identifies as ongoing identity theft and procedural abuse. Carter further contends that under section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001 (West 2024)), he properly invoked two statutory bases for substitution, substitution as of right and substitution for cause. He asserts that he satisfied the requirements for substitution as of right because the motion was filed before the judge ruled on any substantial issue, and separately, that the substitution for cause was warranted because of the circumstances necessitated a verified petition detailing specific grounds for relief.

¶ 27 In civil cases, section 2-1001 identifies four distinct grounds for substituting a judge: judge involvement, substitution as of right, substitution for cause, and certain contempt proceedings. Carter invokes two of these statutory bases, substitution as of right and substitution for cause. Under the statute, each party is entitled to one substitution of judge without cause as an absolute matter of right, provided the motion is filed before the trial or hearing begins and before the judge has ruled on any substantial issue in the case. *Id.* By contrast, substitution for cause, which is

unlimited in number, requires the party to file a verified petition, setting forth the specific cause for substitution of judge. *Id.*

¶ 28 Here, Carter filed his motion to dismiss under Rule 280.5 and section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2024)) on May 2, 2025. The trial court subsequently deemed his request for evidentiary hearing moot and struck his Rule 280.5 motion to dismiss. Carter later filed his motion for substitution of judge for cause on May 28, 2025, arguing that the judge's May 2 ruling did not constitute a substantive decision and that the Bank failed to file the affidavit required by Rule 280.5. He maintains that on April 29, 2025, the trial court did not address his previously filed motion to dismiss for lack of standing and fraud, instead prioritizing the Bank's motion to strike Rule 280.5 affidavit, conduct characterized as judicial bias. However, because Carter sought substitution only after the judge had already issued a substantive ruling, he was not entitled to substitution as of right under section 2-1001.

¶ 29 C. Account Stated

¶ 30 Now we will consider the Bank's claim under the account-stated theory. This doctrine, distinct from the evidentiary requirements of Rule 280.5, evaluates whether the parties' course of dealing gives rise to an agreement regarding the balance due.

¶ 31 Generally, an "account stated" is an agreement between parties who have had previous transactions that the balance outstanding for those transactions is true, correct, due, and owing. *Lieberman v. Stollman*, 230 Ill. App. 3d 203, 207 (1991). The account stated must demonstrate the mutual assent of both creditor and debtor. *Toth v. Mansell*, 207 Ill. App. 3d 665, 672 (1990). When one party renders a statement of account to another, and the party obtains it and does not object to it, an account stated is established. *Id.*

¶ 32 Here, the record demonstrates that the Bank provided periodic statements reflecting the balance due on the credit card account, and Carter did not dispute these mailed statements while the account was active. The record further reflects that Carter admitted to opening the account which establishes the formation of the debtor-creditor relationship. Accordingly, we find that the Bank met its burden under the account-stated theory.

¶ 33 For the reasons stated, the trial court correctly determined that Carter's Rule 280.5 affidavit did not dispute the $7,599.65 balance forming from the Bank's claim and therefore acted within its discretion in striking the affidavit. Having found no basis for reversal, the judgment of the trial court is affirmed.

¶ 34 IV. CONCLUSION

¶ 35 For the reasons stated, we affirm the judgment of the trial court.

¶ 36 Affirmed.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CALVIN CARTER, Plaintiff,
v.
BANK OF AMERICA, N.A., et al., Defendants.
Case No. 1:25-cv-13520
Judge Mary M. Rowland

Certificate of Service

I hereby certify that on November, 1, 2026, I served counsel electronically using the Court's CM/ECF system, via the Pro Se portal, which will send notification of such filing to all counsel of record, a true and correct copy of the foregoing Plaintiff's Notice Of Supplemental Authority And Supplemental Memorandum In Support Of Pending RULE 59(e) MOTION, under Case Number 1:25-cv-13520, upon all counsel of record and parties, including:

- Susan Groh — Counsel for Bank of America, N.A.
- David Schultz and Jennifer Weller — Counsel for DataSearch NY Inc. d/b/a TrakAmerica
- Michael Starzec — Counsel for Blitt & Gaines, P.C.

/s/ Calvin Carter
Calvin Carter, Pro Se
5006 S. Blackstone Ave. Apt. 104
Chicago, IL 60615
calvincarter2026@gmail.com
312-342-1329